## 42394. ROBERTS v. THE STATE.
### (336 SE2d 246)

HILL, Chief Justice.

In this murder case, the defendant raises one enumeration of error: that the trial court erred in overruling his motion in limine and admitting into evidence the defendant's prior conviction for voluntary manslaughter. Although the trial court admitted this evidence only as to count two of the indictment charging the defendant with possession of a firearm by a convicted felon, the defendant contends this evidence was prejudicial to him as to count one, the murder charge. The jury found him guilty of felony murder, OCGA § 16-5-1 (c), and possession of a firearm by a convicted felon, OCGA § 16-11-131 (b). The trial court set aside the latter as a lesser included offense of felony murder and sentenced him to life in prison. He appeals.[1]

The defendant, Willie C. Roberts, was talking with others at a congregating place distinguished by a large oak tree in the Fort Hill section of east Macon on June 9, 1984. At about 3:00 p.m., the victim, James Jenkins, drove up in his station wagon. The victim complained loudly when the defendant did not break off his conversation to return the victim's general greeting. This started a controversy over money, during which the victim showed the defendant a $100 bill, then said he had only one thing for him and went back to his station wagon. The defendant returned to his own car, got out a gun, and went over to the station wagon where the victim was groping under the front seat. The defendant slapped him in the face and kicked him on the head before cocking the gun and pointing it at the victim. The onlookers under the tree implored him not to shoot and he lowered the gun. As the victim drove off, he yelled he would be back and that it was not over yet. The defendant then shot at the departing station wagon.

---

[1] The homicide involved in this case occurred on June 9, 1984. The defendant was indicted on August 8, and was convicted on September 19. He filed his motion for new trial on October 4, and the transcript was filed in the trial court on December 6, 1984. The motion for new trial was overruled on May 3, 1985, and the notice of appeal was filed on May 20. The case was docketed here May 29, and was submitted for decision on July 12, 1985.

The victim went to his house and got his gun, and then drove to a nearby street and parked in front of the church, which he attended and helped care for.

About 5 minutes after the victim left the oak tree, the defendant announced he was leaving and going home to sleep. He left, however, in the opposite direction from his home, toward that of the victim. He saw the victim in front of the church and pulled up next to him.

Loud words were exchanged and witnesses testified that the last thing they heard before shots rang out was "I love you, brother," and the retort, "I love you." Then witnesses saw the defendant walk over to the victim's body, touch it with his foot, get in his car, and leave. He drove himself to the hospital where he was treated for a shot in the neck; the victim eventually died from a shot through his head.

In *Scott v. State*, 250 Ga. 195, 197 (297 SE2d 18) (1982), we noted that possession of a firearm by a convicted felon may be the felony in a felony murder.

In *Head v. State*, 253 Ga. 429, 430 (322 SE2d 228) (1984), we recognized that in certain circumstances the evidence of prior convictions, admissible to prove the charge of possession of a firearm by a convicted felon, nevertheless unfairly put the defendant's character in issue on the other charges against him. See *Panzavecchia v. Wainwright*, 658 F2d 337 (5th Cir. 1981).[2] We therefore undertook to set out a procedure whereby this potential problem might be avoided in the future. *Head v. State*, supra at Division 3. In subsection (d) of that opinion, however, we said: "In cases where the count charging possession of a firearm by a convicted felon might be material to a more serious charge — as, for example, where the offense of murder and possession are charged in one indictment, and the possession charge might conceivably become the underlying felony to support a felony murder conviction on the malice murder count of the indictment — the trial need not be bifurcated. On request, the *trial judge shall carefully instruct the jury as to the proper limitations* upon their consideration of any evidence of prior convictions. . . ." (Emphasis supplied.) But see Hill, C. J., concurring specially.[3]

---

[2] In *Panzavecchia*, supra, the defendant made a motion to sever the murder charges from the possession of a firearm charge. Here the defendant made a motion in limine seeking to suppress the fact that he had pled guilty to involuntary manslaughter and offering to stipulate that he was a convicted felon. But see *Scott v. State*, supra, 250 Ga. at 199; see also *Dixon v. State*, 234 Ga. 157, 158 (215 SE2d 5) (1975). The motion in limine was denied and the indictment and guilty plea were admitted into evidence.

[3] In the concurring opinion in *Head v. State*, 253 Ga. at 433, supra, this writer stated: "In my view a person who defends himself or herself against an aggressor's attack and who, without malice or intent, causes the aggressor's death in self-defense, should not nevertheless be guilty of felony murder on the basis that such person is guilty of possession (however momentary) of a firearm by a convicted felon. That is to say, in my view, a person should not be denied the right of self-defense because such person is a convicted felon." The situation

This case, although tried about a month before we announced the *Head* decision, fits into that situation. The jury was charged on murder, felony murder, and voluntary manslaughter, and was instructed not to consider the prior conviction except as to the possession of a firearm charge. The jury was also extensively and carefully charged on mutual combat, self-defense (justification) and emergency.[4] It nevertheless found the defendant guilty of felony murder.

We find no error in refusing to accept the defendant's proffered stipulation and in failing to suppress evidence of the prior guilty plea. *Head v. State*, supra, 253 Ga. at 432.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 19, 1985.

*J. Michael Carpenter*, for appellant.
*Willis B. Sparks III, District Attorney, Graham A. Thorpe, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Staff Assistant Attorney General*, for appellee.

---

envisioned there is not present here. After getting his gun and firing a shot at the victim's departing station wagon, the defendant sought the victim out and fatally wounded him.

[4] In this regard the court charged the jury: ". . . [W]here upon a sudden emergency one suddenly acquires actual possession of a pistol for the purpose of defending himself, he would not be in violation of any law prohibiting a felon from being in possession of a firearm." Compare *Head v. State*, supra, 253 Ga. at p. 433.