72696. WALKER v. THE STATE.
(347 SE2d 711)

BIRDSONG, Presiding Judge.
Robert Walker appeals his conviction for trafficking in cocaine in

violation of the Georgia Controlled Substances Act. At approximately 3:00 a.m. on the morning of April 19, 1985, Deputy Sheriff Miles Groover was operating his radar unit in the northbound lane of Interstate 95 in Liberty County, Georgia. His radar unit registered 71 miles per hour for a 1980 Volvo proceeding northbound. Groover stopped the car and asked the driver, Withrow Wilson, to step behind the car and show him his driver's license.

Officer Groover was of the opinion that Wilson was "under the influence of something" even though he could not detect the odor of alcohol. Wilson was "real nervous and shakey [sic] like . . . his eyes looked kind of glassy. . . ." Groover asked Wilson if anyone else was in the car and Wilson said there was one passenger, the owner. Groover asked Wilson to have the passenger bring the registration of the car to the rear of the vehicle. Groover called Deputy Sheriff Malone for backup assistance. Walker was the owner and passenger and gave Officer Groover the registration for the Volvo. Groover said Walker "was kind of staggering on his feet, and there wasn't no [sic] doubt in my mind that I felt like he was under the influence of something heavy." Groover observed that Walker "got kind of like he wanted to go back up towards the car" and moved up by the rear door. Walker was patted down and placed in the officer's patrol car for the officers' protection. A later search of the car revealed a .380 Beretta, fully-loaded automatic pistol near the opening between the two front seats. Groover asked Wilson if he would mind opening the car's trunk. Wilson voluntarily complied, according to the officer. A suitcase was in the trunk and Groover asked Wilson if he would mind opening the suitcase. Again, Wilson complied, according to the officer. A very large sum of money was in the suitcase. Wilson said: "We are gamblers . . . that's gambling money." Groover then asked Wilson for permission to look around in the car and Wilson opened the door, said the officer. He saw a suitcase, a briefcase, and a bowling bag. The officer again asked for consent to open the briefcase, which was secured by a combination lock. Wilson opened the briefcase, which exposed another large sum of money. Groover then asked Wilson if he would mind opening the bowling bag and Wilson complied. In plain view was "some block pressed-looking stuff . . . some plastic bags with some powder-looking stuff . . . white looking powder." Wilson said this was "face powder." From his experience the officer was of the opinion that the white powder was cocaine. The "face powder," upon examination, turned out to be approximately 11 pounds of cocaine having a street value of approximately $5,000,000. The amount of money found in the car was almost $49,000. Walker brings this appeal from his conviction. *Held*:

1. The trial court denied defendant's motion to suppress and this denial is enumerated as error. In *Wilson v. State*, 179 Ga. App. 780,

an appeal by Walker's co-defendant, this court determined the search was lawfully conducted pursuant to the consent of Wilson. We find that our holding in *Wilson* was correct and apply the same finding to this defendant. *Woodruff v. State*, 233 Ga. 840, 844 (213 SE2d 689).

2. Defendant enumerates as error the refusal of the court to permit him to ask the jury panel specific voir dire questions as to whether they could keep an open mind until the evidence is in, that the district attorney's statements are not evidence, that the State "knows no more about this case than [they] will" if they are selected as jurors, that proceedings before the grand jury are "one sided," that the defendant is presumed innocent until the evidence satisfies the jury beyond a reasonable doubt that he is guilty, that "sometimes innocent men are charged with crimes . . ." and similar requests.

The conduct of voir dire is designed to expose jury bias and not to present argument. Thus, it is within the sound discretion of the trial court and absent manifest abuse of discretion an appellate court will not interfere. *Westbrook v. State*, 242 Ga. 151 (3) (249 SE2d 524), cert. den. 439 U. S. 1102. Where the court addresses the statutory voir dire questions of OCGA § 15-12-164 to prospective jurors, they are deemed prima facie competent and it is discretionary and not a matter of right as to whether the court permits further examination. *Herndon v. State*, 178 Ga. 832 (2) (174 SE 597), appeal dismissed 295 U. S. 441; accord *Ford v. State*, 202 Ga. 599, 602 (44 SE2d 263). We find no abuse of discretion.

3. The trial court's charge on inference of possession of contraband in an owner of an automobile where the drugs are found, even when another person has equal access, was not burden shifting. See *Beal v. State*, 255 Ga. 446 (3) (339 SE2d 581); *Garvey v. State*, 176 Ga. App. 268, 275 (335 SE2d 640). The objectionable phraseology relating to "presumption" was not included in the charge and the court's instruction concerned only a rebuttable, permissible inference. We find no error. *Lingerfelt v. State*, 255 Ga. 180 (4) (336 SE2d 250).

4. The remaining enumerations address the refusal of the trial court to give defendant's requested charges as to subjects such as equal access, presumption of innocence and reasonable doubt. It is not necessary that a trial judge give the exact language of requests to charge when the same principles are fairly given to the jury in the general charge of the court. *Shirley v. State*, 245 Ga. 616, 619 (266 SE2d 218); *Herrmann v. State*, 235 Ga. 400, 402 (220 SE2d 2). The subject matter of the requested charges was fully and fairly covered in the general charge given by the trial judge. These enumerations are without merit.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

Decided July 15, 1986.

*Billy N. Jones*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.