## 74902. BANKS v. THE STATE.
### (362 SE2d 227)

McMURRAY, Presiding Judge.

Defendant was indicted for the offenses of murder and possession of a firearm by a convicted felon. Following a jury trial, defendant was convicted of voluntary manslaughter and possession of a firearm by a convicted felon. He appeals. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred in charging the jury on voluntary manslaughter. We disagree. " 'On the trial of a murder case, if there be any evidence, however slight, as to whether the offense is murder or voluntary manslaughter, instruction as to the law of both offenses should be given the jury.' *Banks v. State*, 227 Ga. 578, 580 (182 SE2d 106)." *Henderson v. State*, 234 Ga. 827, 832 (218 SE2d 612). In the case sub judice, evidence indicated that defendant shot the victim in the heat of passion when he learned that the victim was beating defendant's daughter. In view of such evidence, it cannot be said it was error to instruct the jury on voluntary manslaughter. *Tew v. State*, 179 Ga. App. 369, 371 (1) (346 SE2d 833).

2. Defendant contends the trial court erred in refusing to instruct the jury concerning "misapprehension of fact." See in this connection OCGA § 16-3-5. The alleged misapprehension pertained to whether the victim was brandishing a knife. Thus, the requested charge ultimately went to the issue of self-defense. In view of the trial court's full charge on self-defense, including the principle that a person is justified in using force against another if he reasonably believes that such force is necessary to defend himself or a third person, it was not error to refuse to charge the jury concerning misapprehension of fact. *Ellis v. State*, 174 Ga. App. 535, 536 (2) (330 SE2d 764).

3. The trial court's charge on self-defense was full, fair and complete. Accordingly, the trial court did not err in refusing to give defendant's request to charge on this issue. *Shirley v. State*, 245 Ga. 616, 619 (266 SE2d 218); *Walker v. State*, 179 Ga. App. 782, 784 (4) (347 SE2d 711).

4. In his fourth enumeration of error, defendant contends the trial court erred in refusing to charge the jury that "proof of the violent and turbulent character of the deceased can be shown to explain that the accused was honestly seeking to defend himself." This enumeration of error is without merit. The requested charge suggests that the mere character of the victim can support a claim of self-defense. This is not a full and accurate statement of the law. The rule is that the violent character of a victim is admissible in evidence when it is shown prima facie that the victim was the assailant, that the defendant was assailed, and that the defendant was honestly trying to defend himself. See *Henderson v. State*, 234 Ga. 827, 828, supra; *Hanlon v. State*, 162 Ga. App. 46, 48 (290 SE2d 285). Moreover, we think the trial court's full charge on self-defense rendered the requested charge superfluous. See Division 2 hereinabove. See also *Ellis v. State*, 174 Ga. App. 535, 536 (2), supra.

5. Defendant asserts the trial court erred in refusing to sever the two counts of the indictment. This assertion is without merit in view of the trial court's charge on felony murder and its careful, clear instruction that the prior voluntary manslaughter conviction may not be considered by the jury in determining defendant's guilt "of any offense." As it is said: "[W]here, as here, the possession of a firearm charge may be the supporting felony in felony murder, it is proper to try the counts together as long as the jury is carefully charged that the prior felony conviction may not be considered by them in deciding the murder count. Here, the court's instructions dealing with the previous conviction made this abundantly clear to the jury, and we therefore find no abuse of discretion in the refusal to sever the two counts." *Appling v. State*, 256 Ga. 36, 37 (1) (343 SE2d 684).

6. Finally, defendant contends it was error for the trial court to allow into evidence defendant's previous conviction for voluntary

manslaughter which the State introduced to support the possession of a firearm charge. In this regard, defendant points out that the evidence was unnecessary and prejudicial in view of defendant's willingness to stipulate that he was a convicted felon. This contention is not meritorious. "Relevant evidence cannot be kept from the jury by an admission of the fact or waiver of the requirement of proof. [Cit.]" *Franklin v. State*, 245 Ga. 141, 150 (263 SE2d 666).

Judgment affirmed. *Sognier and Beasley, JJ., concur.*

DECIDED SEPTEMBER 30, 1987 —
REHEARING DENIED OCTOBER 14, 1987 —

*William T. Hankins III, Carl Greenberg*, for appellant.
*Robert E. Wilson, District Attorney, John H. Petrey, Barbara Conroy, Assistant District Attorneys*, for appellee.