## 44295. SMITH v. THE STATE.
### (360 SE2d 591)

SMITH, Justice.

The appellant, Marvin Smith, was indicted, tried, and convicted of all counts of a six-count indictment. The counts were: (1) malice murder, (2) felony murder with aggravated assault as the underlying felony, (3) felony murder while in the commission of the offense of possession of a firearm by a convicted felon, (4) possession of a firearm by a convicted felon, (5) possession of a firearm during the commission of a crime, and (6) violating the Georgia Controlled Substances Act. Prior to jury selection, the appellant moved to sever counts three (3) and four (4) from the remaining counts of the indictment. We affirm.[1]

At approximately 11:15 p.m. witnesses saw the victim's car proceeding slowly down a street when it suddenly raced across the wrong side of the street and hit a fence. The appellant jumped from the car and was trying to get witnesses to help him get the car back on the road before the police arrived. When the police did arrive, he told them that he witnessed the collision. The appellant momentarily left the scene of the accident and was observed dropping something to the ground. Later police found some cocaine and the murder weapon where the appellant was seen dropping something. At first he told the police that he had been in the automobile with the victim and a third party and that the victim and the third party got into a fight and the gun went off, killing the victim.

At trial the appellant asserted self-defense, and the jury was charged on the principles of that defense. He testified that the victim had forced him to go to a place where they had gone earlier in the evening to purchase cocaine. He testified that the victim wanted to get his money back because the cocaine was no good. He testified that

---

[1] The crime was committed on March 21, 1986. The DeKalb County jury returned its verdict of guilty on August 28, 1986. A motion for new trial was filed on September 18, 1986, and denied on December 3, 1986. Notice of appeal was filed December 30, 1986. The transcript of evidence was filed on January 13, 1987. The record was docketed in this Court on January 29, 1987 and was argued on April 6, 1987.

the victim had shot at him but the gun misfired. He and the victim then fought for the weapon, and as they were fighting, the car accelerated and crashed.

The testimony of the expert witness showed that the shot that killed the victim was fired from three to four feet away, that the victim apparently raised his hand in a defensive manner, and that the gun was not fired while in the victim's hand.

The victim's wife testified that his religion forbid him from taking drugs, and she had never seen him with a gun.

1. Reviewing the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found the defendant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. There was no error in failing to sever counts three and four as they were material to the charge of murder. *Head v. State*, 253 Ga. 429, 432 (322 SE2d 228) (1984). Also, the trial court gave the required limiting instructions. *Appling v. State*, 256 Ga. 36, 38 (343 SE2d 684) (1986).

3. The appellant argues that the refusal to sever the counts creates an irrebuttable presumption of absence of justification. OCGA § 16-3-20 plainly states that justification is a defense to the prosecution for any crime. The jury was fully charged on self-defense and it chose not to accept the appellant's story. No irrebuttable presumption was created. *Roberts v. State*, 255 Ga. 170 (336 SE2d 246) (1985).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 7, 1987.

*Price, Nebl, Bolen & Conoscienti, John F. Nebl,* for appellant.

*Robert E. Wilson, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General,* for appellee.