756 So.2d 275 (1999)
STATE of Louisiana
v.
Ricko C. BALL aka Rico C. Ball.
No. 99-KO-0428.
Supreme Court of Louisiana.
November 30, 1999.
Ricko Ball, (Pro Se).
Hans P. Sinha, New Orleans, Counsel for Applicant.
Richard P. Ieyoub, Atty. Gen., Paul Carmouche, Dist. Atty., Catherine M. Estopinal, Shreveport, Traci A. Moore, Baton Rouge, Counsel for Respondent.

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, SECOND CIRCUIT, PARISH OF CADDO
VICTORY, J.[*]
Ricko C. Ball, convicted of a violation of La. R.S. 14:95.1, possession of a firearm by a convicted felon, claims that because he offered to stipulate at trial he had been convicted of a prior felony offense listed in La. R.S. 14:95.1, it was error for the trial court to allow the state to introduce evidence of the name and nature of the prior offense.[1] After reviewing the record and the applicable law, we affirm the judgment of the lower courts.

FACTS AND PROCEDURAL HISTORY
On the morning of November 4, 1996, Mary Upton discovered that her Plymouth *276 minivan, which had been parked in front of her son's truck in her driveway, was missing. Her son's truck had been pushed out of the way and the side window pushed open. Several items were stolen from the truck, including the keys to the minivan, stereo equipment, a shotgun and a rifle. Three hours later, a Shreveport police officer spotted the minivan, but the driver/defendant refused to stop, leading the police on a high speed chase which ended when the minivan ran into a ditch. The defendant fled on foot but was apprehended by police. In plain view on the floorboard of the minivan between the front bucket seats, police found the rifle and shotgun. The key in the ignition was the key that had been stolen from the son's truck. Fingerprints taken from the window of the truck matched defendant's fingerprints.[2] Upon learning he had pleaded guilty to simple burglary of an inhabited dwelling in Bossier Parish in 1993, the district attorney charged and tried the defendant as a felon in possession of a firearm in violation of La. R.S. 14:95.1.
Before the commencement of the trial, defendant unsuccessfully filed a Motion in Limine offering to stipulate that he had been convicted of a felony that was a predicate offense under La. R.S. 14:95.1 and asked that the state be precluded from introducing evidence of his prior conviction. At trial, the state introduced the bill of information, minutes, and guilty plea transcript from defendant's prior simple burglary of an inhabited dwelling conviction. In addition, his fingerprints were matched to those found on the back of the prior bill of information. After the jury found him guilty as charged, the trial judge sentenced him to 13 years at hard labor without benefit of probation, parole or suspension of sentence, and assessed a $1,000 fine.
The court of appeal affirmed his conviction and sentence. State v. Ball, 31,515 (La.App. 2 Cir. 12/9/98), 733 So.2d 1. We granted defendant's writ to consider whether the lower courts erred in allowing the state to introduce evidence of the name and nature of the defendant's prior conviction of simple burglary of an inhabited dwelling when the defendant had offered to stipulate that he had been convicted of a prior felony. State v. Ball, 99-0428 (La.5/28/99).

DISCUSSION
The law prohibiting certain felons from possessing firearms is codified in La. R.S. 14:95.1 and reads in pertinent part:
A. It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(13)[3] which is a felony or simple burglary, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, felony illegal use of weapons device, manufacture or possession of a bomb, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony, or any crime defined as an attempt to commit one of he above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, *277 would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon.
Possession of a firearm by a convicted felon requires proof of: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the 10-year period of limitation;[4] and (4) general intent to commit the offense. La. R.S. 14:95.1; State v. Husband, 437 So.2d 269 (La.1983). We have held that because "[a]n essential element of the crime defined in [La. R.S. 14:95.1] is a defendant's prior conviction for one of the enumerated felonies," the state may introduce evidence of defendant's previous felony convictions as proof of an element of the crime charged and the manner in which the present offense was committed. State v. Sanders, 357 So.2d 492, 494 (La.1978).
Defendant, citing Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), argues that his trial was tainted by unfair prejudice because the jury was told the name and nature of his previous felony conviction. In Old Chief, the defendant, who had previously been convicted of assault causing serious bodily injury, was charged with various federal crimes, including being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). That statute makes it unlawful for anyone "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. "[A] crime punishable by imprisonment for a term exceeding one year" is defined to exclude "any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices" and "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20).
The defendant in Old Chief sought a pre-trial ruling to prohibit the government from mentioning or offering any evidence at trial of his prior conviction; in exchange, he offered to stipulate to it. The prosecutor refused to do so, and the district court denied the defendant's motion. Consequently, the government proved the prior conviction to the jury who found Old Chief guilty as charged, and the Court of Appeals affirmed the conviction. United States v. Johnny Lynn Old Chief v. United States, 56 F.3d 75, 1995 WL 325745 (9th Cir.1995).
The United States Supreme Court, in a five-four decision, reversed the conviction. 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574. The majority accepted Old Chief's argument that evidence of a prior conviction could result in "unfair prejudice," i.e., a tendency to lure the trier of fact into finding guilt on a ground different from proof specific to the offense charged. Id. at 180, 117 S.Ct. 644. The Court considered the countervailing principles: (1) the prior offense is unquestionably an essential element of 18 U.S.C. § 922(g)(1); (2) the prosecution traditionally has broad discretion in the manner of presenting evidence; and (3) the prosecution's "burden of persuasion" is normally better served by evidence which "tells a continuous story" rather than a defense stipulation. The Court weighed these probative factors against the risk of unfair prejudice, as required by F.R.E. 403, and concluded that with the "peculiarities of the element of felony-convict status," there is "no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence." Id., 519 U.S. at 191, 117 S.Ct. 644. The Court concluded that in a felony possession of a firearm case under § 922(g)(1), the federal government may not reject the defendant's offer *278 to stipulate the prior conviction, and evidence of the name and nature of the prior conviction are inadmissible.
We conclude that Old Chief is not controlling and decline to follow it for the following reasons.[5] First, the Court's decision was not based on constitutional principles which would be binding on the states, but instead was based on the specific language of 18 U.S.C. § 922. Also, we note that where a state statute is patterned after a federal statute, the United States Supreme Court's interpretation of the federal statute should be a persuasive influence on the interpretation of our own state enactment. Louisiana Power & Light v. United Gas Pipe Line, 493 So.2d 1149, 1158 (La.1986). Although the Louisiana statute was enacted after the federal statute, we have no indication that it was "patterned" after the federal statute and in fact we have held that the Louisiana statute is less restrictive than the federal statute, which applies to all felonies, and does not provide for a prescriptive period. State v. Williams, 392 So.2d 448 (La.1980). In other words, the Louisiana statute does not apply to all felonies, but only to some, and under the Louisiana statute there is a ten year prescriptive period, whereas under the federal statute there is none.
Second, because the Louisiana statute defines the crime by specific enumerated prior offenses, contrary to the broad definition in the federal statute, Old Chief is distinguishable. Several courts have declined to adopt Old Chief solely because of such a distinction. See State ex rel. Romley v. Galati, supra; Maibauer v. State, 968 S.W.2d 502 (Tex.App.Waco 1998); Sisson v. State, 232 Ga.App. 61, 499 S.E.2d 422 (1998); State v. Hamilton, 327 S.C. 440, 486 S.E.2d 512 (1997), writ denied, Hamilton v. South Carolina, 525 U.S. 904, 119 S.Ct. 239, 142 L.Ed.2d 196 (1998). In fact, the language of the majority opinion in Old Chief itself makes this distinction:
Old Chief's proffered admission would, in fact, have been not merely relevant but seemingly conclusive evidence of the element. The statutory language in which the prior-conviction requirement is couched shows no congressional concern with the specific name or nature of the prior offense beyond what is necessary to place it within the broad category of qualifying felonies, and Old Chief clearly meant to admit that his felony did qualify, by stipulating "that the Government has proven one of the essential elements of the offense." App. 7. As a consequence, although the name of the prior offense may have been technically relevant, it addressed no detail in the definition of the prior-conviction element that would not have been covered by the stipulation or admission. Logic, *279 then, seems to side with Old Chief. (Emphasis added).
Old Chief, 519 U.S. at 186, 117 S.Ct. 644. Thus, the majority reasoned that because Congress had made it plain that distinctions among generic felonies were irrelevant for purposes of the crime charged, the most the jury needed to know was that the admitted conviction fell within the class of crimes that Congress felt should bar a convict from possessing a gun. Id. at 190-91, 117 S.Ct. 644. To the contrary, under the Louisiana statute, "the statutory language in which the prior conviction requirement is couched" does show "concern with the specific name or nature of the prior offense" and the name of the prior offense does address a "detail in the definition of the prior conviction element that would not have been covered by the stipulation." Because proof of one of the enumerated felonies is an essential element of the crime under La. R.S. 14:95.1, the probative value of the name and nature of the prior conviction is greater than the "generic" felony required by the federal statute.
Further, we hold that any additional prejudice to defendant by proving to the jury the name of the prior conviction is minimal, that is, it is much less damaging than telling the jury the defendant is a prior felon, which is absolutely essential under our statute and must be covered either by the state's proof or by defendant's stipulation.
We cannot accept the Supreme Court's concerns that the jury will be lured into finding guilt of the instant charge because of the prior conviction. We note that under La. C.E. art. 609.1, evidence of a prior criminal conviction, including its name, is admissible against a testifying criminal defendant upon the issue of his credibility. Yet contrary to the concerns of the five-member majority in Old Chief, under these circumstances, the jury's attention is not unduly focused on the prior conviction and the defendant is not unfairly prejudiced because the jury is told why the conviction is admissible and is instructed not to use the evidence of the prior conviction to infer guilt in connection with the present offense. The same principles apply here where a specific prior felony conviction is one element of the present offense under La. R.S. 14:95.1 and the jury is instructed to consider that evidence only with respect to whether that element has been proven and not to infer that defendant is guilty merely because he has a prior felony conviction.[6] In both instances, an admonishment to the jury greatly lessens the danger of unfair prejudice and focuses the jury's attention on the proper issues, not the prior convictions.[7]
*280 Further, to fully and fairly implement the defendant's desired result in this case, more would be required than merely accepting the defendant's stipulation and prohibiting the state from mentioning the name of the prior felony conviction. In addition, the trial court would be required to prohibit the reading of the indictment[8] in its entirety, which in this case contained the name and date of the prior conviction as well as the sentence imposed, and the judge would not be allowed to fully instruct the jury as to the law governing the case, both of which are required under general principles of law. First, under La.C.Cr.P. art. 483, "an indictment shall not contain an allegation of a prior conviction of the defendant unless such allegation is necessary to fully charge the offense." The state correctly argues that a convicted felon's specific prior offense is "absolutely necessary to fully charge the offense and, therefore, must be contained in the charging instrument" and that this Court's jurisprudence requires the indictment or information to be read to the jury in its entirety. State v. Pounds, 359 So.2d 150 (La.1978).[9] Second, under Louisiana Code of Criminal Procedure article 802, "[t]he court shall charge the jury: (1) As to the law applicable to the case; ..." Official Revision Comment (c) provides that "[t]he general language of Clause (1) makes all questions of law applicable to a case mandatory charges to be given by the judge to the jury." Thus, the trial judge must fully advise the jury as to the law of La. R.S. 14:95.1, and that includes naming the prior felony convictions that disqualify a defendant from firearm possession.
Lastly, as recognized by the majority in Old Chief, the general rule is that "the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal may not stipulate or admit his way out of the full evidentiary force of the case as the government chooses to present it." 519 U.S. at 186-87, 117 S.Ct. 644. We have held that "[t]he State cannot be robbed of the moral force of its case merely because the stipulation is offered." State v. Watson, 449 So.2d 1321, 1326 (La.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985) (citing State v. Harvey, 358 So.2d 1224 (La.1978) (allowing the admission of autopsy photographs at sentencing phase and rejecting defendant's argument that because he offered to stipulate to the facts of the crime, the photographs were not probative)). To force the state to accept defendant's stipulation would frustrate this general rule as well.

CONCLUSION
Proof of a prior specifically enumerated felony conviction is an essential element under La. R.S. 14:95.1 and evidence of name and nature of the defendant's prior conviction may be presented to the jury by the state. For the reasons previously stated, Old Chief is not controlling and we decline to follow it.

*281 DECREE
For the reasons stated herein, the judgment of the court of appeal is affirmed.
AFFIRMED.
LEMMON and JOHNSON, JJ., concur.
NOTES
[*] Kimball, J., not on panel. Rule IV, Part 2, § 3.
[1] By "name and nature" of the prior offense, we are referring to the fact of the conviction, the name of the offense, the date thereof, and the sentence imposed. See La. C.E. art. 609.1(C).
[2] No finger prints were taken from the guns because the process would have damaged them.
[3] A crime of violence under La. R.S. 14:2(13) includes the following: solicitation for murder, first degree murder, second decree murder, manslaughter, aggravated battery, second degree battery, aggravated assault, mingling harmful substances, aggravated rape forcible rape, simple rape, sexual battery, aggravated sexual battery, oral sexual battery, aggravated oral sexual battery, intentional exposure to AIDS virus, aggravated kidnapping, second degree kidnapping, simple kidnapping, aggravated arson, aggravated criminal damage to property, aggravated burglary, armed robbery, first degree robbery, simple robbery, purse snatching, extortion, assault by drive-by shooting, aggravated crime against nature, carjacking, and illegal use of weapons or dangerous instrumentalities.
[4] The provisions of La. R.S. 14:95.1 do not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence. La. R.S. 14:95.1(C)(1).
[5] We recognize that although res nova in this Court, the issue of whether Old Chief applies to allow a defendant to stipulate that he is a prior convicted felon in a felon-in-possession of a firearm case has been considered by the highest courts of Florida and Kansas. Brown v. State, 719 So.2d 882 (Fla.1998) (adopting Old Chief); State v. Lee, 266 Kan. 804, 977 P.2d 263 (1999) (adopting Old Chief but holding that any error was harmless); see also People v. District Court, 953 P.2d 184 (Colo. 1998) (holding that the defendant cannot demand a bench trial in a prosecution for possession of a weapon by a prior offender but, in order to lessen the risk of jury bias, defendant may offer to stipulate that he has been convicted of an offense that satisfies the prior felony element without identifying the particular felony conviction); State v. Alexander, 214 Wis.2d 628, 571 N.W.2d 662, 668-72 (1997) (holding that in a criminal case where one of the three elements of the offense is that the defendant must have two or more prior convictions, suspensions or revocations for operating a vehicle while intoxicated, the prior convictions are a status element under Old Chief and the trial court must allow the defendant to stipulate to this status element, but that its failure to do so in this case was harmless); but see State ex rel. Romley v. Galati, 193 Ariz. 437, 973 P.2d 1198 (1998) (holding Old Chief not applicable to third offense DWI charge, such that the trial court did not have to accept defendant's stipulation to prior DWI offenses, because two prior DWI offenses were elements of the charged offense).
[6] In this case, the jury was given the following limiting instruction:

Mr. Rico Ball is alleged to have possessed a firearm after having been convicted of a felony, namely, simple burglary of an inhabited dwelling. You are instructed that you may consider evidence regarding the simple burglary of an inhabited dwelling conviction only with respect to whether that element of prior convicted of an enumerated felony has been proven for purposes of the charge for which the defendant is now on trial. That is to say, you should not infer or conclude any negative impression solely and only because you may believe that the defendant has a prior felony conviction.
[7] In addition, it should be noted that under Louisiana law, other acts or convictions of a defendant are admitted into evidence for purposes other than showing bad character. Specifically, La. C.E. art. 404(B)(1) prevents the introduction of crimes, wrongs, or acts of a defendant to prove his character in order to show he acted in conformity therewith. However, 404(B) does allow the introduction of such evidence for other purposes such as to prove motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. While such evidence may be prejudicial, it is nevertheless admissible for purposes other than proving the character of the accused and an admonishment to the jury tends to diminish any prejudice in that instance. Even more so, if the prior conviction is an element of the crime, introduction of that crime should be allowed. To argue that it is prejudicial is not enough; there must be unfair prejudice. As Justice O'Connor argued in her dissent, it is not unfairly prejudicial for the state to establish an essential element of its case against a defendant with direct proof of his prior conviction. Old Chief, 519 U.S. at 201, 117 S.Ct. 644 (O'Connor, dissenting). Necessarily, all the evidence introduced by the state will be prejudicial to the defendant. However, a defendant should not be allowed to enter a "partial plea of guilty" in order to avoid having a jury hear all the negative evidence against him. Id. at 200, 117 S.Ct. 644.
[8] "`Indictment' includes information and affidavit, unless it is the clear intent to restrict that word to the finding of a grand jury." La.C.Cr.P. art. 934(6).
[9] If the jury is not told the name of the defendant's prior conviction, it may assume that the defendant was convicted of much more heinous crime than simple burglary of an inhabited dwelling. On the opposite end of the spectrum, as noted by the majority in Old Chief, certain prior offenses may even be unfairly prejudicial to the state, such as an old conviction for a relatively minor felony, which might strike the jury as a foolish basis for convicting an otherwise upstanding member of the community of otherwise legal gun possession. 519 U.S. at 185, n. 8, 117 S.Ct. 644. But the state would not be allowed to force the defendant to stipulate to his "status" as a felon in that case.