S05A0748. ROSS v. THE STATE.
(614 SE2d 31)

FLETCHER, Chief Justice.

A jury in Fulton County convicted Todrick Ross of malice murder, two counts of felony murder, aggravated assault with a deadly weapon, possession of a weapon by a convicted felon, and possession of a weapon in the commission of a felony.[1] Ross contends that the trial court erred by admitting the name and nature of his prior felony conviction, for purposes of the possession of a weapon by a convicted felon charge, in spite of his offer to stipulate to his status as a convicted felon. We hereby adopt the reasoning set forth by the United States Supreme Court in *Old Chief v. United States*,[2] and hold that in the circumstances presented in this case, it was indeed erroneous for the trial court to admit the name and nature of Ross's prior offense. Because the other properly admitted evidence overwhelmingly proves Ross's guilt, however, we hold the error to be harmless and, therefore, affirm.

---

[1] The crimes were committed on or around May 27, 2003. On July 22, 2003, a grand jury indicted Ross for malice murder, two counts of felony murder, aggravated assault with a deadly weapon, possession of a weapon by a convicted felon, two counts of possession of a weapon in the commission of a felony, and kidnapping. The kidnapping charge, as well as one count of possession of a weapon in the commission of a felony, were nol prossed. On June 3, 2004, the jury convicted Ross on all remaining counts, and the trial court sentenced Ross to life in prison for malice murder and a consecutive five year term for possession of a weapon in the commission of a felony. The remaining convictions merged into the malice murder conviction. Ross moved for a new trial on June 21, 2004. The trial court denied the motion on October 26, 2004, and Ross filed his timely notice of appeal on November 2, 2004. The case was docketed in this Court on January 12, 2005, and submitted on the briefs on March 7, 2005.

[2] 519 U. S. 172 (117 SC 644, 136 LE2d 574) (1997).

1. The evidence presented at trial shows that on May 27, 2003, Ross went to the Fulton County home of Tredika Thornton to visit his estranged wife and to return their child in accordance with the couple's visitation schedule. The couple quarreled, and Ross left the house. Four or five minutes later, Ross returned to the home and rushed upstairs to the room where Michael Reese was staying. Ross was aware that his wife had formerly been engaged in a romantic relationship with Reese. Thornton followed Ross upstairs, and saw him fire two shots at Reese, killing him.

After reviewing the evidence in the light most favorable to the jury's verdict, we conclude that there was sufficient evidence for a rational trier of fact to find Ross guilty beyond a reasonable doubt of malice murder and the other crimes for which he was convicted.[3]

2. In his sole enumeration of error, Ross contends that the trial court abused its discretion by rejecting his offer to stipulate to his status as a convicted felon and admitting the name and nature of his prior conviction. Ross pled guilty in 1997 to a charge of "enticing a minor for indecent purposes," and the State sought to introduce the indictment for that conviction to prove that, under the current indictment, Ross was guilty of possession of a weapon by a convicted felon. Ross offered to stipulate that he was indeed a convicted felon in order to prevent the jury from viewing the particularly prejudicial nature of his prior conviction. The trial court refused Ross's proffered stipulation, however, and allowed the State to introduce the indictment for that prior conviction.

In *Old Chief v. United States*,[4] the United States Supreme Court confronted the identical issue — whether it is appropriate to allow a jury to hear the particular nature of a defendant's prior conviction when that defendant offers to stipulate to his status as a convicted felon — and set forth a clear and cogent rule that unambiguously applies to the circumstances of this case. We hereby adopt the limited rule set forth in that case.

Although the Supreme Court in *Old Chief* was interpreting Federal Rule of Evidence 403, it is similarly the law of this State that "relevant evidence 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . .' "[5] The trial court's determination on this issue will not be disturbed absent an abuse of discretion.[6]

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] 519 U. S. 172.

[5] *Hicks v. State*, 256 Ga. 715, 720 (13) (352 SE2d 762) (1987). See also *Holland v. State*, 221 Ga. App. 821, 825 (472 SE2d 711) (1996) (trial court must exclude evidence if undue prejudice outweighs legitimate relevance).

[6] *Carroll v. State*, 261 Ga. 553, 554 (408 SE2d 412) (1991).

"The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged."[7] In this case, the specific nature of Ross's prior offense raises the risk that the jury will generalize his "earlier bad act into bad character and tak[e] that as raising the odds that he did the later bad act now charged . . . ," or that it will convict "because a bad person deserves punishment. . . ."[8]

Countered against Ross's argument, however, is the well-established rule protecting the State's authority to choose the evidence needed to prove its case. "[M]ore exactly, . . . a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the [State] chooses to present it."[9] It is for this reason that the law in this State properly prevents a defendant from admitting certain crucial facts related to the crime, such as the cause of the victim's death,[10] in order to prevent the admission of evidence tending to prove that fact. A defendant cannot undermine the credibility of the State's story by selectively admitting certain incriminating evidence to prevent the jury from receiving that evidence.

But in the unique case of an offense based on the defendant's status as a person convicted of a prior unrelated crime, the "recognition that the [State] with its burden of persuasion needs evidentiary depth to tell a continuous story has . . . virtually no application. . . ."[11] Ross's proffered stipulation provides the jury with all the information it needs for this offense, namely that his prior crime "falls within the class of crimes that [the Legislature] thought should bar a convict from possessing a gun. . . ."[12] The need to allow the State to choose its evidence to tell a continuous story is inapplicable here because "[p]roving status without telling exactly why that status was imposed leaves no gap in the story of a defendant's subsequent [and currently relevant] criminality. . . ."[13] Thus, in this situation, "there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the [State] would prefer to place in evidence."[14]

---

[7] *Old Chief*, 519 U. S. at 180.

[8] Id. at 180-181.

[9] Id. at 186.

[10] See, e.g., *Null v. State*, 261 Ga. 180, 181 (4) (402 SE2d 721) (1991) (it is not error for the trial court to refuse to accept defendant's stipulation as to the victim's cause of death and to admit photographs of the victim).

[11] *Old Chief*, 519 U. S. at 190.

[12] Id. at 191.

[13] Id.

[14] Id.

The U. S. Supreme Court thereby struck a proper balance between the State's entitlement to prove its case and the defendant's right to have a jury decide his case free from unnecessary and unfairly prejudicial information. Although this Court has yet to adopt the reasoning set forth in *Old Chief*, neither has it rejected that approach. In *Butler v. State*,[15] this Court ruled that it was not error for the trial court to refuse to sever the offense of possession of a firearm by a convicted felon from the other charges against the defendant. But, this Court distinguished *Old Chief* in that case because (a) Butler had not offered to stipulate as to his status as a convicted felon, and (b) *Old Chief* did not involve a demand for severance.[16] Unlike in *Butler*, in this case there are no grounds to distinguish *Old Chief*, and there is no sound reason not to adopt its reasoning.

Accordingly, we hereby set forth the limited rule that when (1) a defendant's prior conviction is of the nature likely to inflame the passions of the jury and raise the risk of a conviction based on improper considerations, and (2) the purpose of the evidence is solely to prove the defendant's status as a convicted felon, then it is an abuse of discretion for the trial court to spurn the defendant's offer to stipulate to his prior conviction and admit the evidence to the jury.[17] In this case, the nature of Ross's prior conviction for enticing a child for indecent purposes could raise the risk of a verdict tainted by improper considerations. Because the evidence was unnecessary to prove anything other than Ross's status as a convicted felon, it was an abuse of discretion for the trial court to reject Ross's offer to stipulate to that fact and to admit the name and nature of his prior conviction.

3. Due to the overwhelming evidence of the defendant's guilt, however, we find it highly probable that the improper evidentiary admission did not contribute to the verdict, and thereby constitutes harmless error.[18]

*Judgment affirmed. All the Justices concur, except Hunstein, Carley and Hines, JJ., who concur specially.*

---

[15] 270 Ga. 441, 448 (8) (511 SE2d 180) (1999).

[16] Id. at 449.

[17] We hereby overrule any prior opinions to the extent they are inconsistent with the current opinion, including the following: *Roberts v. State*, 255 Ga. 170, 171-172 (336 SE2d 246) (1985) (no error to refuse to accept proffered stipulation as to prior guilty plea); *Head v. State*, 253 Ga. 429, 432 (3) (b) (322 SE2d 228) (1984) (stating in dicta that a curative instruction would be sufficient to avoid harm from admission of prior conviction); *Quinn v. State*, 255 Ga. App. 744 (2) (566 SE2d 450) (2002) (state not required to accept similar stipulation); *Banks v. State*, 184 Ga. App. 504 (6) (362 SE2d 227) (1987) (not error to spurn defendant's offer to stipulate as to his status as a convicted felon).

[18] See *Robinson v. State*, 263 Ga. 424 (435 SE2d 207) (1993) (declining to decide whether it was error to refuse proffered stipulation as to defendant's status because the overwhelming nature of the evidence rendered any error harmless).

CARLEY, Justice, concurring specially.

I fully concur in Divisions 1 and 3, and in the judgment affirming Ross' convictions. In Division 2, however, the majority holds that, when relevant evidence of a defendant's prior conviction is of a nature likely to inflame the passions of the jury and to raise the risk of a verdict based on improper considerations, and has the sole purpose of proving his status as a convicted felon, then it is an abuse of discretion for the trial court to reject his offer to stipulate to the prior conviction and to admit evidence of its name and nature. By this holding, the majority overturns considerable Georgia case law in order to embrace a limited, non-binding 5-4 decision of the Supreme Court of the United States which is based on a highly questionable rationale. *Old Chief v. United States*, 519 U. S. 172 (117 SC 644, 136 LE2d 574) (1997).

As the majority at least implicitly acknowledges, the interpretation of Rule 403 of the Federal Rules of Evidence by the Supreme Court of the United States obviously does not constitute any precedent binding on this Court regarding the admissibility of similar crimes or extrinsic acts evidence, including predicate offenses for a firearm possession charge. *Quinn v. State*, 255 Ga. App. 744, 747 (3) (566 SE2d 450) (2002); *Starks v. State*, 240 Ga. App. 346, 349-350 (3) (523 SE2d 397) (1999); *Sisson v. State*, 232 Ga. App. 61, 66 (3) (b) (499 SE2d 422) (1998). See also *Hepner v. Southern R. Co.*, 182 Ga. App. 346, 350 (356 SE2d 30) (1987) (on motion for rehearing en banc, involving Federal Rule of Civil Procedure 56). "Many state courts have distinguished *Old Chief* and have refused to follow that case." *Ex parte Peraita*, 897 S2d 1227 (C) (Ala. 2004) (2004 WL 1233972, Case Number 1021974, not yet released for publication). "*Old Chief* involved a federal crime and a federal trial, under the Federal Rules of Evidence." *Starks v. State*, supra at 349 (3). That "decision was not based on constitutional principles which would be binding on the states, but instead was based on the specific language of 18 U.S.C. § 922." *State v. Ball*, 756 S2d 275, 278 (La. 1999). See also *Ex Parte Peraita*, supra. We have no indication that Georgia's statutory proscription on possession of a firearm by a convicted felon, OCGA § 16-11-131 (b), was patterned after the federal statute. See *State v. Ball*, supra.

Furthermore, "proving the name of the offense resulting in the conviction [is] often less prejudicial than telling the jury that the defendant was a convicted felon. [Cit.]" *Ex Parte Peraita*, supra. See also *State v. Ball*, supra at 279. In the latter case, the jurors may well wonder why they have not been told the name of the crime and may assume that the defendant was convicted of a more heinous offense. *Old Chief v. United States*, supra at 198 (II) (O'Connor, J., dissenting); *State v. Ball*, supra at 280, fn. 9. Keeping the jurors uninformed of the

"convicted felon" element is not a solution, since " ' "[d]oubt as to the criminality of (the defendant's) conduct may influence the jury when it considers the possession element." ' [Cit.]" *Old Chief v. United States*, supra at 199 (II) (O'Connor, J., dissenting).

"Any incremental harm resulting from proving the name or basic nature of the prior felony can be properly mitigated by limiting jury instructions." *Old Chief v. United States*, supra at 196 (I) (O'Connor, J., dissenting). "There are numerous instances where the state may offer evidence of prior crimes or bad acts committed by a defendant for a purpose other than to show the defendant is a person of bad character. . . ." *Crane v. State*, 263 Ga. 518, 519 (1) (a) (436 SE2d 216) (1993). Whether the prior crime is admitted to show a predicate offense for firearm possession or to fulfill some other legitimate purpose, a limiting instruction is always available upon request, and will greatly diminish the danger of unfair prejudice and focus the jury's attention on the proper issues and away from the prior conviction. *Head v. State*, 262 Ga. 795, 798 (4) (426 SE2d 547) (1993); *State v. Ball*, supra at 279, fn. 7.

> Even more so, if the prior conviction is an element of the crime, introduction of that crime should be allowed. To argue that it is prejudicial is not enough; there must be unfair prejudice. As Justice O'Connor argued in her dissent, it is not unfairly prejudicial for the state to establish an essential element of its case against a defendant with direct proof of his prior conviction. [Cit.]

*State v. Ball*, supra.

> [I]n our system of justice, a person is not simply convicted of "a crime" or "a felony." Rather, he is found guilty of a specified offense, almost always because he violated a specific statutory prohibition. . . . That a variety of crimes would have satisfied the prior conviction element . . . does not detract from the fact that [the defendant] committed a specific offense. The name and basic nature of [his] crime are inseparable from the fact of his earlier conviction and were therefore admissible to prove [his] guilt.

*Old Chief v. United States*, supra at 194 (I) (O'Connor, J., dissenting). "[A] defendant's stipulation to an element of an offense does not remove that element from the jury's consideration." *Old Chief v. United States*, supra at 200 (II) (O'Connor, J., dissenting). Much less should the element be removed from the jury's deliberations where, as here, there is no true stipulation because the parties did not ever

reach an agreement. *Old Chief v. United States,* supra. See also *Reed v. State,* 249 Ga. 52, 57 (6) (287 SE2d 205) (1982). Ross is effectively attempting to waive his right to a jury trial on the "convicted felon" element, even though we have held that the trial court is not required to accept a waiver of trial by jury. *Old Chief v. United States,* supra at 201 (II) (O'Connor, J., dissenting); *McCorquodale v. State,* 233 Ga. 369, 374 (3) (211 SE2d 577) (1974).

"Relevant evidence cannot be kept from the jury by an admission of the fact or waiver of the requirement of proof. [Cit.]" *Franklin v. State,* 245 Ga. 141, 150 (263 SE2d 666) (1980).

> [A]s recognized by the majority in *Old Chief,* the general rule is that "the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal may not stipulate or admit his way out of the full evidentiary force of the case as the government chooses to present it." [Cit.] . . . "[T]he State cannot be robbed of the moral force of its case merely because the stipulation is offered." [Cit.]

*State v. Ball,* supra at 280. The decision in *Old Chief* marked "the first time the Supreme Court [of the United States] has limited the time-honored principle of allowing the prosecution the freedom to refuse offers to stipulate and to try its case as it sees fit." Casenote: *Old Chief v. United States: Radical Change or Minor Departure? How Much Further Will Courts Go in Limiting the Prosecution's Ability to Try Its Case?,* 49 Mercer L. Rev. 855 (1998). Instead of disregarding that venerable principle, this Court preserved it by establishing a procedure for avoiding the potential of unfair prejudice long before the decision in *Old Chief.* If the charge of possession of a firearm by a convicted felon is unrelated to another count for which the defendant is to be tried, the correct remedy is for the trial court to bifurcate the proceedings on proper motion. *Head v. State,* 253 Ga. 429, 431 (3) (a) (322 SE2d 228) (1984). However, where the count charging possession of a firearm by a convicted felon might be material to a more serious charge, we determined that evidence of the prior convictions does not unfairly place the defendant's character in issue on the other charges against him, the relevance of such evidence outweighs the possibility of undue prejudice, bifurcation is unnecessary, and a limiting instruction sufficiently protects the rights of the accused. *Roberts v. State,* 255 Ga. 170, 171 (336 SE2d 246) (1985); *Head v. State,* supra at 431 (2), fn. 1, 432 (3) (d). Based on the establishment of these procedures, we specifically held that the trial court does not err "in refusing to accept the defendant's proffered stipulation and in failing to suppress evidence of the prior [conviction]." *Roberts v. State,* supra at 172. See also *Banks v. State,* 184 Ga.

App. 504, 506 (6) (362 SE2d 227) (1987) (quoting *Franklin v. State,* supra). Thus, the majority clearly has made an extreme and unwarranted departure from settled Georgia law. Accordingly, I concur specially in the judgment of affirmance.

I am authorized to state that Justice Hunstein and Justice Hines join in this opinion.

DECIDED MAY 23, 2005.

*Carl P. Greenberg,* for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General,* for appellee.