A89A0033. WATKINS v. THE STATE.
(382 SE2d 107)

SOGNIER, Judge.

Robert Wayne Watkins was indicted on charges of malice murder and felony murder, and was convicted of voluntary manslaughter, as well as possession of a firearm by a convicted felon and criminal damage to property in the second degree. He appeals.

1. Appellant contends the evidence was insufficient to support the verdict. Construing it in the light most favorable to the verdict, evidence was adduced that on July 24, 1987, appellant was visiting Raymond Speed when Speed's sister, Barbara Nicholson, arrived upset and crying because her former boyfriend, Danny Hansard, had threatened and attacked her. Nicholson testified that in a conversation with Hansard a few days earlier, he had made threats against appellant, whom Nicholson had previously dated, out of jealousy, which Nicholson had thereafter related to appellant, but Nicholson denied that she and appellant had renewed their relationship. All the parties went to the home of Dorothy Speed, where shortly thereafter Hansard drove back and forth in front of the residence a number of times and then began to telephone the residence repeatedly, asking to talk to Nicholson and using progressively more violent and obscene language. Raymond Speed departed with appellant and Dorothy Speed's .22 calibre rifle and drove a short distance from the residence to the convenience store where Hansard was parked while he telephoned Nicholson. Although appellant, as well as Dorothy Speed, who arrived at the convenience store shortly after appellant, testified that Hansard began the confrontation by firing his shotgun at appellant, numerous other witnesses testified that the .22 calibre rifle was the first weapon fired. When the police arrived on the scene, appellant admitted shooting Hansard and showed the police the rifle he had used. The rifle was found emptied with 16 cartridge cases found in the area. Hansard, who was hit five times, died from his injuries.

" ' "The evidence here was in dispute as to whether [appellant shot Hansard] with malice aforethought (since he was charged with murder), out of passion, or out of justification in self-defense. The resolution of this question depended heavily on the credibility of the

witnesses, including [appellant]. Decisions regarding credibility are exclusively for the jury. (Cits.) A rational trier of fact was authorized to find the elements of voluntary manslaughter beyond a reasonable doubt. (Cits.)" ' [Cits.]" *Harris v. State,* 183 Ga. App. 219, 220 (358 SE2d 634) (1987).

Likewise, we find appellant's admission that he fired the rifle and the evidence of appellant's prior felony convictions sufficient to support his conviction for possession of a firearm by a convicted felon under the standard set forth in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

As to appellant's conviction for criminal damage to property in the second degree, testimony and photographs were introduced showing that the gunshots fired by appellant pierced multiple holes in Hansard's car and shattered the windshield, and that the damage required replacement of the front fender and other repairs amounting to over $1,100 on a vehicle worth $1,500 before damaged. We find this evidence sufficient to support appellant's conviction under OCGA § 16-7-23 (a). See *Holbrook v. State,* 168 Ga. App. 380-381 (1) (308 SE2d 869) (1983); *Bembry v. State,* 155 Ga. App. 847 (1) (273 SE2d 208) (1980); see generally *Jackson v. Virginia,* supra. Hence, the court did not err by denying appellant's motion for a directed verdict of acquittal on this charge, which he alleges as error in a separate enumeration. See generally *Branch v. State,* 182 Ga. App. 818, 819 (1) (357 SE2d 136) (1987).

2. Appellant contends the trial court erred by charging the jury on voluntary manslaughter pursuant to OCGA § 16-5-2. " ' "On the trial of a murder case, if there be any evidence, however slight, as to whether the offense is murder or voluntary manslaughter, instruction as to the law of both offenses should be given the jury." [Cit.]' [Cit.]" *Banks v. State,* 184 Ga. App. 504 (1) (362 SE2d 227) (1987). In the case sub judice, evidence of Hansard's threats against appellant due to appellant's involvement with Nicholson, and Hansard's physical abuse of Nicholson followed by harassing behavior and telephone calls constituted some evidence to authorize the charge as given. Although appellant argues there was no evidence that appellant suffered "a sudden, violent, and irresistible passion resulting from serious provocation" as required under the statute and that, even if such provocation existed, the interval during which appellant was driven from Dorothy Speed's house to the convenience store where he shot and killed Hansard constituted a "cooling period" rendering voluntary manslaughter inapplicable, "[t]he sufficiency of the provocation and the questions of . . . 'cooling time' were the jury's to determine. [Cits.]" *Hagans v. State,* 187 Ga. App. 216, 217 (3) (369 SE2d 536) (1988). We find no error in this enumeration.

3. The trial court refused to admit appellant's Exhibit No. 1, a

photograph of Hansard prior to the incident in question in which Hansard is shown holding a beer. Although appellant contends the photograph was admissible for purposes of identification, appellant's other photograph of Hansard was admitted without objection and thus, even assuming the identity of the victim was in issue, no harm resulted from the trial court's refusal to admit the first photograph. See generally *Smith v. State*, 180 Ga. App. 309-310 (3) (349 SE2d 4) (1986).

4. We find no error in the trial court's exclusion of the victim's prior conviction for first degree forgery, as documented in appellant's Exhibit Nos. 2, 3, and 4. "The general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." OCGA § 24-2-2. While the reputation or character of a murder victim *for violence* may be admissible under certain circumstances, see generally *Bennett v. State*, 254 Ga. 162, 164 (3) (a) (326 SE2d 438) (1985), we agree with the trial court that Hansard's prior forgery conviction was irrelevant under OCGA § 24-2-2.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED APRIL 4, 1989 —
REHEARING DENIED APRIL 14, 1989 —

*Oliver & Woods, William R. Oliver*, for appellant.
*Michael H. Crawford, District Attorney*, for appellee.