A90A1842. ELKINS v. THE STATE.

(398 SE2d 241)

McMURRAY, Presiding Judge.

Defendant Bernice Elkins was convicted of voluntary manslaughter and sentenced to serve 12 years in confinement. She appeals, enumerating error upon the general grounds. *Held*:

Viewing the evidence in a light favorable to the State, as we are bound to do, we find the following:

On February 17, 1989, defendant was sitting in a booth at a lounge with her friend, Geraldine Frazier. The victim, acting as if he had had something to "drink," approached defendant and her friend and offered to buy them drinks. They refused and the victim left. He returned and attempted to engage the ladies in conversation. Ms. Frazier would not permit the victim to sit next to her so he sat next to defendant. When defendant said something to the victim, he slapped or hit her across the face and bloodied her nose. Then the victim left the booth and joined other customers near a jukebox. The victim was laughing with the other customers and defendant became angry. Defendant and the victim "got to arguing" and thereafter, defendant lashed out at the victim, swinging a knife at his back which may have put a small hole in the victim's coat. Then, defendant approached the victim and stabbed him in the chest. The victim, who was not armed, died from the wound inflicted by defendant. The entire incident took place within a matter of minutes. Defendant admitted that she "probably could have" left the bar after the victim struck her, however, she chose not to do so.

The evidence was sufficient to enable a rational trier of fact to find the elements of voluntary manslaughter beyond a reasonable doubt. *Watkins v. State*, 191 Ga. App. 325 (1), 326 (382 SE2d 107). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 9, 1990.

*John W. Davis*, for appellant.

*Glenn Thomas, Jr., District Attorney, Charles K. Higgins, Assistant District Attorney*, for appellee.