A90A2341. MITCHELL v. THE STATE.
(404 SE2d 329)

COOPER, Judge.

Appellant was indicted for the alternative offenses of malice murder and felony murder but was convicted by a jury of voluntary manslaughter. He appeals the denial of his motion for new trial, enumerating as error that there was insufficient evidence to support the giving of a jury charge on voluntary manslaughter.

The evidence adduced at trial shows that the victim took a borrowed truck being used by appellant from two of appellant's female friends, Yohania Martin ("Martin") and Lisa King ("King"). Martin notified appellant that the truck had been stolen, and another friend, Francis Roberson ("Roberson"), drove appellant to King's apartment, where the women fully explained how the truck was stolen. Appellant left the apartment in search of the victim and the truck, tried several places, including the victim's home, and finally found the victim at home on a second visit. Appellant and the victim argued outside the home over the truck and money owed to the victim by appellant. The three men got into Roberson's car and drove back to King's apartment complex. The argument continued in the car and after their arrival at the complex. Martin and King came out into the parking lot to identify the victim as the individual who stole the truck. Appellant testified that the women positively identified the victim; however, King testified that they were not certain. Appellant and the victim

continued their argument on the passenger side of the car near the rear bumper, while Martin and King stood next to the driver's side window and talked with Roberson. The victim was wearing a long jacket, and both appellant and King testified that the victim said to appellant, with his hands in the jacket's pockets, "I can take you out now." The victim never displayed a weapon; however, there was testimony that the victim was known to carry a weapon and had told others that he wanted to kill appellant for the money appellant owed. Appellant testified that he then took Roberson's gun from the console between the two front seats and shot the victim in the chest. King testified that the victim fell to his knees, said "I'm sorry" and asked appellant not to kill him. Roberson said appellant then walked over to the victim, stood over his body and attempted to put another bullet in the gun. He pointed the gun at the victim's head and said he was going to shoot him again to prevent the victim from injuring appellant; however, Roberson pushed appellant away.

The court charged the jury as follows: "Should you find the defendant not guilty of the offenses of murder or felony murder, or if you have a reasonable doubt as to his guilt of those offenses, you would be authorized to consider under the evidence whether or not he did, at the same time and place, commit the lesser offense of voluntary manslaughter which is defined as follows: A person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as a result of a sudden, violent and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. However, if there should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, for which the jury in all cases shall be the judge, the killing shall be attributed to deliberate revenge and be punished as murder."

Appellant contends there was no evidence that he acted "*solely* as a result of a *sudden violent, irresistible passion* resulting from serious *provocation.*" He maintains that there was essentially a quiet argument over repayment of a debt and that the evidence establishes that he acted in self-defense. However, we do not find that the evidence requires such a finding. "The distinguishing characteristic between voluntary manslaughter and justifiable homicide is that the accused was so influenced and excited that he reacted passionately rather than simply to defend himself. [Cit.] Circumstances necessary to show voluntary manslaughter, as opposed to justifiable homicide relate to a situation which arouses sudden passion in the person killing so that, rather than defending himself, he willfully kills the attacker, albeit without malice aforethought, when it was not necessary for him to do so in order to protect himself. [Cits.]" *Syms v. State*

175 Ga. App. 179 (1), 180 (332 SE2d 689) (1985). Appellant's reaction to a perception that his life was in danger by the victim's words and actions, despite the fact that the victim never displayed a weapon, does not require a finding of self-defense. "The fear of some danger can be sufficient provocation to excite the passion necessary for voluntary manslaughter. [Cit.] 'While words and threats alone are generally not sufficient provocation, the issue of whether a reasonable person acts as the result of an irresistible passion may be raised by words which are connected to provocative conduct by the victim.' [Cit.]" Id. The victim's statement, "I can take you out now," and gestures amounted to provocative conduct. See *Thomas v. State*, 184 Ga. App. 131 (2) (361 SE2d 21) (1987).

"'(I)t is a question of law for the courts to determine whether there is slight evidence that the defendant acted as the result of sudden, violent and irresistible passion resulting from serious provocation.' [Cits.]" *Gooch v. State*, 259 Ga. 301, 302 (3) (379 SE2d 522) (1989). Taking into account the prolonged argument between appellant and the victim and the bad blood between the two, there was sufficient evidence of voluntary manslaughter to justify the court's charge, and the trial court did not err in denying appellant a new trial.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED MARCH 13, 1991.

*John H. Tarpley*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, Thomas S. Clegg, Assistant District Attorneys*, for appellee.