A96A1888. MILLER v. THE STATE.
(477 SE2d 430)

Judge Harold R. Banke.

Jerome Miller was convicted of voluntary manslaughter and aggravated assault. In his sole enumeration of error, he appeals the trial court's denial of his motion for new trial and challenges the sufficiency of the evidence supporting the voluntary manslaughter charge.

The evidence, viewed in the light most favorable to the verdict, revealed the following. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). During a Labor Day celebration at his brother's house, Miller observed his former girl friend dancing with another man. Miller cursed her and told her she was going to be another Nicole Simpson to his O. J. She left, but he followed her to her mother's house. The conflict became physical, the police restrained Miller, and he left. Miller had been drinking for hours.

Later that evening Miller went to the ex-girl friend's house, but she had left to visit the home of one of the victims, Iris Mays. When the ex-girl friend's sister asked Miller what he wanted, Miller responded that he did not want to kill her, only her sister. Miller then walked down to Iris Mays' house and called to the ex-girl friend, who came out on the porch. The ex-girl friend then went back into the house, gave her keys to the other victim, Iris Mays' 13-year-old son, Raymond, and told him to go to her house and call the police. Raymond went outside and he and two of Iris' friends told Miller to leave. Iris tried to calm Miller down, but he walked up to Raymond who pushed him away. As Raymond walked away, Miller began firing. Raymond fell, shot in the back, then got up and ran. One of the bullets hit Iris Mays in the head and killed her. In all, Miller fired six shots.

Later that evening, Miller told a friend he had shot some people

and asked him to get rid of the gun. The friend took the gun to the sheriff's department.

At trial, Miller testified that after Raymond and the two friends told him to leave they blocked his way, bumped into him, and eventually one of them hit him. Miller stated that he intentionally aimed and shot low at Raymond's leg, after Raymond said he was going to get a gun and started running. Miller testified that after he shot Raymond, he quit aiming. *Held*:

The evidence, viewed in the light most favorable to the verdict, was sufficient to permit a rational trier of fact to find all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. at 319-320. The elements of voluntary manslaughter are satisfied with proof the accused caused the death of another under circumstances which would otherwise be murder but for the fact that he acted "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2 (a); *Thomas v. State*, 184 Ga. App. 131, 132 (2) (361 SE2d 21) (1987). Fear of some danger can be sufficient provocation to excite the passion necessary for voluntary manslaughter. *Mitchell v. State*, 199 Ga. App. 159, 161 (404 SE2d 329) (1991). The evidence that Iris Mays' friends and son placed Miller in fear of danger when he fired the fatal shot was sufficient to establish each of these elements.

In his brief, Miller in effect requests us to reweigh the evidence to place greater credence in his justification defense than the jury did. This we cannot do. *Pardo v. State*, 215 Ga. App. 317 (1) (450 SE2d 440) (1994).

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 23, 1996.

*Johnny B. Mostiler*, for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.

