## S98A1633. DIAZ v. THE STATE.

(510 SE2d 529)

THOMPSON, Justice.

A jury found Victor Garcia Diaz guilty of felony murder and possession of a knife during the commission of a crime, in connection with the stabbing death of Antonino Angel.[1] His sole complaint on appeal is that the State's evidence was insufficient to disprove his claim of self-defense. Finding no error, we affirm.

The evidence, viewed in favor of the verdict, shows as follows: The victim died as a result of multiple stab wounds to the chest, abdomen, and back. The altercation was witnessed by a neighbor from her apartment window. She testified that she saw two men fighting — one dressed in white, the other in black. (The victim was later found in a white tee shirt, and it was shown that Diaz had been dressed in black that night.) The witness testified that the man in black had been the aggressor. She observed him hitting and kicking the victim who "was trying to defend himself, [but] could not." Finally, she saw the aggressor push the victim into some bushes and then wash his hands in a creek and ride off in a white car. The victim got up holding his stomach and stumbled away. He died shortly thereafter.

Diaz was arrested later that night and brought to the police station where he executed a *Miranda* waiver and gave a custodial statement. He told the investigating officers that he had engaged in a fight with Angel, his roommate; Angel was carrying a knife and was the first one to attempt to use it; and Diaz then remembered that he too had a knife in his possession which he used to inflict several stab wounds into the victim's chest. He said that the victim discarded his knife in the area of the fight. It was shown that the victim was not armed when he was found at the scene and a search of the area failed to produce the knife allegedly used by him. Later that night, Diaz disclosed to a friend that he had gotten into a fight with his roommate and had stabbed him using a knife which was still in his possession. During a subsequent jail visit, Diaz confided in another friend that the victim had been unarmed.

When a defendant produces evidence that he was justified in using deadly force, the burden is on the State to disprove that affirm-

---

[1] The crimes occurred on February 27, 1997. An indictment was returned on June 6, 1997, charging Diaz with malice murder, felony murder, and possession of a knife during the commission of a crime. Trial commenced on August 25, 1997, and on August 28, 1997, a jury found Diaz guilty of felony murder and possession of a knife. He was sentenced on September 3, 1997 to life imprisonment plus five consecutive years. A motion for new trial was filed on September 24, 1997, and was denied on May 27, 1998. A notice of appeal was filed on June 25, 1998. The case was docketed in this Court on July 10, 1998, and was submitted for decision on briefs on August 31, 1998.

ative defense of justification beyond a reasonable doubt. *Andrews v. State*, 267 Ga. 473 (1) (480 SE2d 29) (1997). "Whether the circumstances of the confrontation between the victim and appellant were such as to excite the fears of a reasonable person that he had to use deadly force in order to prevent the use of deadly force against him is a question for the jury." Id. at 474.

Diaz admits fighting with the victim and stabbing him. And while he claims that he acted in self-defense, there is no evidence to support his claim that the victim was armed with a knife and was the aggressor. The police officers who searched the area found no evidence of a knife, even after using a metal detector. An eyewitness to the fight testified that Diaz was the aggressor. Further, Diaz later revealed to a friend that the victim had been unarmed.

We are convinced that the State offered sufficient evidence for the jury to find beyond a reasonable doubt that Diaz was not reasonably acting in self-defense when he inflicted the multiple, fatal stab wounds. Under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), a rational trier of fact could find Diaz guilty beyond a reasonable doubt of felony murder and possession of a knife during the commission of a crime.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 11, 1999.

*Scott J. Forster,* for appellant.

*T. Joseph Campbell, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General,* for appellee.