## A00A1740. WILLIAMS v. THE STATE.
(538 SE2d 544)

MILLER, Judge.

Indicted for murder, Briane Demond Williams claimed self-defense at trial. Over Williams's objection, the judge gave a charge on voluntary manslaughter. The jury found Williams guilty of voluntary manslaughter, which he appeals on two closely related grounds: the evidence did not sustain the verdict, and the judge erred in giving the manslaughter charge. We find no error and affirm.

1. Without weighing the evidence or determining witness credibility, we construe the evidence in the light most favorable to the verdict to determine whether some competent evidence supported a finding beyond reasonable doubt of each fact necessary for the conviction.[1] So construed, the evidence showed that throughout the day in question, Williams and the victim had four violent confrontations about the victim romancing Williams's girlfriend. Not only was Williams jealous, but the victim himself was upset about Williams's disclosing the romancing to the victim's wife.

The first confrontation took place inside a store, when the two exchanged words and the victim pushed and threatened to "get" Williams. The second confrontation took place a few minutes later in the parking lot outside the store, when the victim shoved, slapped, cursed, and spat on Williams. The third confrontation took place some time later, when the victim approached Williams while he was tinting some car windows. This time the victim pushed, hit, cursed, kneed, beat, and slammed Williams onto the ground, in response to which Williams cut the victim with a razor.

Shortly thereafter, Williams had a friend buy him a gun, and then he went searching for the victim in his vehicle. When he found the victim, he pulled over, and the victim leaned into the car and cursed Williams and hit him. Williams pulled out the gun, and the victim, who had no weapon, stepped away, whereupon Williams shot him. The victim ran, and Williams leaned out of the car and shot at him three or four more times. The victim died from a gunshot wound to the chest.

Williams first argues that the evidence demanded an acquittal because he acted in self-defense under OCGA § 16-3-21 (a). When a defendant produces evidence that he was justified in using deadly force, the State bears the burden of disproving that affirmative defense beyond a reasonable doubt.[2] The applicable standard is whether the circumstances would excite the fears of a reasonable

---

[1] *Howard v. State*, 227 Ga. App. 5, 8 (6) (a) (488 SE2d 489) (1997); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Diaz v. State*, 270 Ga. 421-422 (510 SE2d 529) (1999).

man to the point that he would feel it necessary to use deadly force to prevent death or great bodily injury, which is a question for the jury.[3] When voluntary manslaughter is raised, the issue is whether based on the evidence, the jury could have found beyond reasonable doubt that the defendant "was so influenced and excited that he reacted passionately rather than simply to defend himself."[4]

Here competent evidence supported a finding that Williams did not act in self-defense but out of jealousy and rage. The two had had multiple violent confrontations in the hours prior to the incident. Williams saw that the victim, who had just hit and cursed him again, had no weapon.[5] Williams fired his weapon multiple times as the victim ran away.[6] When speaking with police right after the incident, Williams said nothing of self-defense but justified the shooting on the ground that the victim "had been fooling around with his girlfriend" and had "kept messing with [him] and would not leave [him] alone."

Williams next argues that the evidence did not show that he acted "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person," as required under OCGA § 16-5-2 (a) for a voluntary manslaughter conviction. Williams contends that as a matter of law the evidence showed that the confrontations were not sufficiently provocative, that he had "cooled off" from the prior confrontations, and that he was not acting out of passion when he shot the victim.

Williams's arguments fail. The State did not need to rely on the first three confrontations for the evidence of a provocation; the confrontation at the time of the shooting sufficed. In this fourth confrontation the victim, according to Williams's own testimony, cursed Williams and hit him. Other testimony showed Williams told police that he shot because the victim "kept messing with [him] and would not leave [him] alone." "He said that [the victim] had been fooling around with his girlfriend and that [the victim] had wrote [sic] her a letter and that he had read it and he told [the victim] to leave her alone. That's when he fired the gun. . . ."

The sufficiency of the provocation was an issue for the jury to determine.[7] Sexual jealousy,[8] heated arguments,[9] physical beatings,[10]

---

[3] *Anderson v. State,* 245 Ga. 619, 623 (1) (266 SE2d 221) (1980); accord *Brown v. State,* 242 Ga. App. 106, 107 (1) (528 SE2d 868) (2000).

[4] (Citations and punctuation omitted.) *Mitchell v. State,* 199 Ga. App. 159, 160 (404 SE2d 329) (1991).

[5] See *Thomas v. State,* 184 Ga. App. 131, 133 (2) (361 SE2d 21) (1987).

[6] See *Anderson,* supra, 245 Ga. at 623 (1).

[7] *Watkins v. State,* 191 Ga. App. 325, 326 (2) (382 SE2d 107) (1989).

[8] *Goforth v. State,* 271 Ga. 700, 701 (1) (523 SE2d 868) (1999).

[9] *Mims v. State,* 180 Ga. App. 3 (1) (348 SE2d 498) (1986) (whole court); *Asbury v. State,*

and fear of some danger,[11] all suffice as provocations for a voluntary manslaughter conviction, and all were present in the fourth confrontation.[12] The jury could have also considered the prior confrontations that same day, for the question of the "cooling time" is an issue for the jury.[13] Earlier unresolved assaults without "cooling off" may be sufficient provocation.[14]

The evidence was sufficient to sustain the verdict.

2. For similar reasons, the evidence supported the giving of the charge on voluntary manslaughter. "Where there is any evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue."[15] As set forth in Division 1, there was ample evidence of the elements of voluntary manslaughter, and thus the court did not err in giving the charge.[16]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED AUGUST 24, 2000.

*James W. Smith*, for appellant.
*Robert W. Lavender, District Attorney*, for appellee.

---

175 Ga. App. 335, 336 (1) (333 SE2d 194) (1985).

[10] *Woody v. State*, 262 Ga. 327, 328 (2) (418 SE2d 35) (1992).

[11] Id.; *Miller v. State*, 223 Ga. App. 311, 312 (477 SE2d 430) (1996); *Thomas*, supra, 184 Ga. App. at 132 (2).

[12] Compare *Worthem v. State*, 270 Ga. 469, 470-471 (2) (509 SE2d 922) (1999) (no evidence of anger or passion).

[13] *Watkins*, supra, 191 Ga. App. at 326 (2).

[14] See *Hall v. State*, 235 Ga. App. 44 (1) (508 SE2d 703) (1998); *Lee v. State*, 202 Ga. App. 708 (1) (415 SE2d 290) (1992); compare *Murff v. State*, 251 Ga. 478, 480 (306 SE2d 267) (1983) (no evidence of prior altercations or bad feelings between victim and defendant).

[15] (Citations and punctuation omitted.) *Shields v. State*, 202 Ga. App. 659, 661 (3) (415 SE2d 478) (1992) (whole court).

[16] *Mitchell*, supra, 199 Ga. App. at 161.