S04A1077. HENRY v. THE STATE.
(604 SE2d 469)

HUNSTEIN, Justice.

John Henry was convicted of malice murder, felony murder (two counts), aggravated assault, possession of a firearm during the commission of a crime and possession of a firearm by a convicted felon in the shooting death of his girlfriend, Charlenthia Hornsby. He appeals from the denial of his amended motion for a new trial.[1] Finding no error, we affirm.

---

[1] The crimes occurred on May 3, 2001. Henry was indicted September 14, 2001 in Fulton County on charges of malice murder, two counts of felony murder (one count based upon aggravated assault; the other count based upon possession of a firearm by a convicted felon), aggravated assault, possession of a firearm by a convicted felon and possession of a firearm during the commission of a felony. Following a bifurcated trial, Henry was found guilty on all counts on December 12, 2001. The trial court merged the felony murder, aggravated assault and possession of a firearm during the commission of a felony convictions and sentenced Henry on September 9, 2003 nunc pro tunc to December 12, 2001 to life in prison and a consecutive five-year sentence for firearm possession. His motion for new trial, filed December 26, 2001 and amended on September 9, 2003, was denied December 5, 2003. A notice of appeal was filed December 30, 2003. The appeal was docketed March 5, 2004 and was submitted for decision on the briefs.

1. The jury was authorized to find that appellant and the victim, Charlenthia Hornsby, had a tempestuous relationship. One month before the shooting the police arrested appellant for hitting Hornsby in the face. A few days before her death, Hornsby sought assistance from the police to resolve a conflict with appellant over retrieving her personal belongings. On the day of the murder, appellant was given information that Hornsby was sitting in her car in the driveway of her residence. According to eyewitness testimony, appellant approached the vehicle and asked Hornsby to open the car window. She refused and appellant pulled out a handgun and fired shots through the driver door window. At one point during the shooting appellant paused and walked away from the car to adjust a malfunction with his gun. He returned to the car and resumed firing at Hornsby who was unable to escape. Expert testimony established that Hornsby died of severe multiple gunshot wounds to her torso. Although appellant contended that he shot Hornsby in self-defense after she fired at him, there was no evidence that Hornsby had a gun or that she fired a weapon at appellant.

The evidence adduced was sufficient to enable a rational trier of fact to find appellant guilty of the charged crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Based on the characteristics of the residence where the shooting took place, appellant asserts that the State failed to carry its burden of proof that venue was proper because there was not any evidence that the driveway where the victim was shot is located in Fulton County. The address where the shooting took place and where the police responded was 415 Sunset Avenue, a residence located at the corner of Sunset Avenue and Johns Avenue in northwest Atlanta. The front entrance of the residence is located on Sunset Avenue whereas the driveway that is situated behind the residence leads to Johns Avenue. Officer Duncan, a City of Atlanta police officer, testified that the address where the crimes occurred is in Fulton County. Likewise, the officer responding to the shootings testified that the address of the residence is in Fulton County. Unlike *Jones v. State*, 272 Ga. 900 (2) (537 SE2d 80) (2000), relied upon by appellant, "in which the sole testimony adduced did not place the crime scene itself in Fulton County but merely placed the crime scene as being across the street from a Fulton County location," (footnote omitted), *Allen v. State*, 277 Ga. 711, 712 (2) (593 SE2d 662) (2004), the State established beyond a reasonable doubt that the venue of the crime was Fulton County. Compare *Robinson v. State*, 260 Ga. App. 186 (581 SE2d 285) (2003).

3. We find no error in the trial court's admission of evidence of appellant's prior conviction for aggravated assault committed against

the mother of a former girlfriend. Pursuant to *Williams v. State*, 261 Ga. 640 (2) (409 SE2d 649) (1991), a hearing was conducted to determine the admissibility of the independent crime evidence the State sought to introduce and the trial court determined that the State's evidence met the standard of proof necessary for the admission of the similar transaction evidence. The court also gave a limiting instruction to the jury. Based on our review of the record, the trial court's finding of sufficient similarity of the prior incident was not erroneous where it showed that appellant had previously been involved in a shooting arising out of an argument with a girlfriend while he was intoxicated. See *Smith v. State*, 273 Ga. 356 (2) (541 SE2d 362) (2001). Contrary to appellant's contention, the passage of time between the previous crime and the crime for which he was being tried, while important, is not wholly determinative and is but one factor to weigh in considering the admissibility of the evidence in question. *Mullins v. State*, 269 Ga. 157 (2) (496 SE2d 252) (1998).

4. Relying on *Williams v. State*, 245 Ga. App. 670 (538 SE2d 544) (2000), appellant contends the court should have given his requested charge on voluntary manslaughter where there was evidence that he was distraught and where the number of shots fired show that he was acting out of a "sudden, violent, and irresistible passion." OCGA § 16-5-2 (a). The crime of voluntary manslaughter "presupposes an intentional killing." *Sparks v. State*, 277 Ga. 72, 74 (3) (586 SE2d 645) (2003). Here, appellant's own version of the events, that the victim, without provocation, produced a handgun and began firing at him, was completely inconsistent with evidence that would support the charge. See *Broussard v. State*, 276 Ga. 216 (3) (576 SE2d 883) (2003).

5. Appellant contends that during his cross-examination the State improperly commented on the fact that he chose to keep silent and failed to come forward voluntarily to the authorities about his involvement in the incident. Although we have noted on numerous occasions since our holding in *Mallory v. State*, 261 Ga. 625 (5) (409 SE2d 839) (1991), that evidence concerning pre-trial silence, including a failure to come forward, is more prejudicial than probative of any relevant fact and should be excluded, see *Pearson v. State*, 277 Ga. 813 (5) (c) (596 SE2d 582) (2004); *Rickman v. State*, 277 Ga. 277 (4) (587 SE2d 596) (2003); *Wright v. State*, 275 Ga. 427, 428 (2) (569 SE2d 537) (2002), overruled on other grounds, *Wilson v. State*, 277 Ga. 195, 199 (2) (586 SE2d 669) (2003), an improper reference to a defendant's silence does not automatically require reversal where the error is harmless beyond a reasonable doubt. *Moore v. State*, 278 Ga. 397, 399 (2) (a) (603 SE2d 228) (2004). We conclude that any error in

the prosecutor's conduct in attempting to elicit testimony from appellant that he failed to tell police about his involvement in the shooting is harmless in light of the overwhelming evidence of appellant's guilt.

6. Appellant contends that the trial court erred in admitting hearsay testimony from Officer Duncan and the victim's mother, to establish the existence of prior difficulties between appellant and the victim. Officer Duncan was permitted to testify to his observations on two occasions after Hornsby flagged him down. During the first incident Hornsby reported that appellant had struck her and during the second encounter she asked the officer to assist her in retrieving her car keys from appellant when he would not let her move out of their residence. Hornsby's mother was permitted to testify about a declaration by Hornsby concerning her intention to leave appellant. In order for hearsay to be admitted under the necessity exception to the hearsay rule, it must be established that the testimony is necessary, that it has particular guarantees of trustworthiness, and that the hearsay statements are probative. *Chapel v. State*, 270 Ga. 151, 155 (4) (510 SE2d 802) (1998); OCGA § 24-3-1 (b). Testimony of Hornsby's mother regarding the victim's statement the day before the murder that she was "tired of this. I'm tired of all this. I'm going to stay with my sister," was properly admitted because the statements evidence a sufficient indicia of trustworthiness as they were made by the unavailable witness to one in whom the declarant placed great confidence and to whom the declarant turned for help with problems. *Roper v. State*, 263 Ga. 201 (2) (429 SE2d 668) (1993).

Although the out-of-court statements of an assault and problems she was experiencing in retrieving car keys that the victim made to the police are considered testimonial in nature under the recent case of *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 1364, 158 LE2d 177) (2004) ("an accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not") the admission of the testimony was harmless because there is no reasonable probability that the evidence contributed to the verdict. *Bell v. State*, 278 Ga. 69 (3) (597 SE2d 350) (2004); *Moody v. State*, 277 Ga. 676 (4) (594 SE2d 350) (2004).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 25, 2004.

*Zell & Zell, Rodney S. Zell*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Peggy R. Katz, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General,* for appellee.