## A06A1331. GRIFFIN v. THE STATE.
(635 SE2d 853)

BARNES, Judge.

Alex Griffin appeals his conviction for obstruction of a prison guard with violence and the denial of his motion for a new trial. Griffin contends the trial court erred by (1) admitting similar transaction evidence, and (2) denying his motion for new trial asserting that his defense counsel was ineffective because defense counsel failed to object to a psychologist's testimony. He also contends the evidence is insufficient to sustain his conviction. For the reasons that follow, we affirm.

On appeal, we review the evidence in the light most favorable to the verdict and determine if a rational trier of fact could find all the essential elements of the crime charged beyond a reasonable doubt. We do not weigh the evidence or judge the credibility of witnesses. *Shaw v. State*, 247 Ga. App. 867, 869 (2) (545 SE2d 399) (2001).

So viewed, the evidence demonstrates that Griffin, a prison inmate, was in his cell when a guard was serving breakfast to inmates in Griffin's building. Before the guard served Griffin breakfast, Griffin stuck his arm out of the cell door's opening and threw a cupful of urine onto the guard. The urine struck the guard's face and ears and ran down his uniform. The guard immediately radioed for assistance. Meanwhile, Griffin taunted the guard, asked him to open the cell door, and threatened to fight him. After the incident, several officers observed that the guard was wet and smelled like urine. One of the officers testified that Griffin stated, "Yes, I threw piss on that officer and if you open the door, I'll kill him." As a result of being struck by the cupful of urine, the guard was unable to perform the remainder of his official duties that morning.

1. Pursuant to OCGA § 16-10-24 (b), a person is guilty of felony obstruction of a prison guard when he "knowingly and willfully resists, obstructs, or opposes any . . . prison guard . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer." Griffin contends that the State failed to present sufficient evidence at trial to support a guilty verdict. In support of his argument, he asserts four material defenses: first, the guard did not keep the cup, clothing, or liquid as evidence; second, no scientific test was done to determine that the liquid was urine or came from Griffin's body; third, the prison guard admitted that he did not seek medical attention, but merely changed his clothes and washed himself; and fourth, Griffin denies that he threw anything at the guard, as his breakfast had not yet been served, and thus he did not have a cup to fill with urine.

Although Griffin argues that the State failed to preserve vital evidence and, thus, neglected to demonstrate sufficient evidence to

support his conviction, this court does not weigh evidence or determine witness credibility. Rather, conflicts in the evidence must be resolved by the jury. *Payne v. State*, 248 Ga. App. 158, 159 (1) (545 SE2d 336) (2001). Thus, viewed in the light most favorable to the jury's verdict, the guards' testimonies were sufficient for a rational trier of fact to find Griffin guilty beyond a reasonable doubt of throwing a cupful of urine at a guard in violation of OCGA § 16-10-24 (b). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Griffin next contends that the trial court, by admitting evidence of similar transactions, prejudiced his trial and deprived him of a fair trial. The similar transactions were of nine other incidents in which guards testified that Griffin had acted toward them or others with threats, violent resistance, or striking his fists on their faces or chests. However, we need not determine the merits of this argument because Griffin failed to object to this testimony at trial. Thus, he waived his right to challenge its admission on appeal. *Young v. State*, 269 Ga. 478, 479 (3) (499 SE2d 60) (1998).

3. Griffin last enumerates as error the denial of his motion for a new trial based on ineffective assistance of counsel. He states that trial counsel failed to object to the psychologist's testimony about Griffin's competency, mental awareness or responsibility, and his anti-social disorder. Griffin argues that the psychologist's testimony was irrelevant because he did not assert an insanity defense or mention in his opening statement that Griffin suffered from a mental illness. Additionally, Griffin contends that the use of the psychologist's testimony in conjunction with the similar transaction evidence prejudiced the verdict. He alleges that the State strategically used this evidence to demonstrate that Griffin was a "jerk" and acted accordingly when he threw urine on the guard. We find that this enumeration is without merit.

Generally, to claim ineffectiveness of counsel Griffin must establish that counsel's performance was deficient, and the deficient performance prejudiced his defense. If he fails to prove prejudice, this court does not need inquire into defense counsel's alleged deficiency. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). "On appeal, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citation and punctuation omitted.) *Morris v. State*, 280 Ga. 179, 180 (3) (626 SE2d 123) (2006).

With regard to the prejudice prong, Griffin must show that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U. S. at 694. As noted in Division 1 above, the State

showed sufficient evidence to support the jury's guilty verdict. Pretermitting any issue concerning the similar transaction evidence and the psychologist's testimony, the State introduced testimony from several officers that corroborated the guard's account of the urine incident. As the jury could have found Griffin guilty beyond all reasonable doubt after listening to the State's witnesses, we find that the psychologist's testimony did not influence the outcome of the trial.

Moreover, "[e]vidence is harmless where admissible evidence of the same fact is before the jury." *Scott v. State*, 206 Ga. App. 23, 26 (1) (c) (424 SE2d 328) (1992). See also *City of Atlanta v. Hadjisimos*, 168 Ga. App. 840, 841 (2) (310 SE2d 570) (1983). Defense counsel and Griffin, on several occasions, raised the issue of Griffin's mental health. Before the psychologist testified, defense counsel cross-examined the State's witnesses about inmates with mental health issues and the prison's policy for such inmates. Furthermore, Griffin raised the issue of his mental health during his direct examination, where he responded to his counsel's questions about his mental health situation, mental health housing, and medications, as well as Griffin's rambling, incoherent and nonresponsive answers. Therefore, defense counsel's failure to object to the psychologist raising the issue about Griffin's mental health was harmless. As there is no indication that trial counsel's performance prejudiced the trial, we need not review whether counsel's failure to object was indeed a deficiency. *Strickland*, 466 U. S. at 687.

Even if we needed to inquire into counsel's alleged deficiency, "[t]he decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with [the] client." (Citation and punctuation omitted.) *Johnson v. State*, 214 Ga. App. 77, 79 (1) (447 SE2d 74) (1994). Therefore, it is irrelevant whether Griffin's present counsel would have conducted the trial differently. *Hudson v. State*, 218 Ga. App. 671, 673 (462 SE2d 775) (1995).

At the motion for new trial, defense counsel explained that he decided not to object to the psychologist's testimony because "I wanted everything to be out in the open. I chose to cross-examine him with the information I had which was contrary to his opinion." Indeed, defense counsel conducted a cross-examination of the psychologist with questions stemming from a psychiatrist's contrary diagnosis of Griffin. Therefore, choosing not to object was a reasonable trial strategy, and did not constitute ineffectiveness of counsel. Thus, the trial court did not err in denying Griffin's motion for a new trial.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED AUGUST 23, 2006.

*Zipperer, Lorberbaum & Beauvais, Steven Beauvais*, for appellant.

*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.