### A08A0813. ROBINSON v. THE STATE.
(666 SE2d 615)

BERNES, Judge.

Edward Robinson appeals his conviction for felony theft by shoplifting, arguing that his trial counsel rendered ineffective assistance. For the reasons that follow, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citation omitted.) *Reese v. State,* 270 Ga. App. 522, 523 (607 SE2d 165) (2004).

So viewed, the record shows that a K-Mart supervisor stopped Robinson as he tried to leave the store through a door reserved for incoming customers with a cart full of merchandise. When the supervisor asked Robinson for a receipt, he could not produce one, but claimed that his mother had the receipt. The supervisor then told Robinson that he could not take the merchandise out of the store without a receipt and brought the cart to the service desk. As Robinson retreated into the store, the supervisor called the store manager and reported that Robinson had been trying to steal some merchandise. She pointed out Robinson to the manager after Robinson exited the store. The manager called the police who arrested Robinson as he walked down a nearby street. Police brought Robinson back to the store where he was identified by the supervisor as the perpetrator of the theft by shoplifting.

1. Though he does not raise the general grounds, we have reviewed the record, and hold that the evidence sufficed to sustain Robinson's conviction. See OCGA § 16-8-14 (defining theft by shoplifting); *Williams v. State,* 261 Ga. App. 176, 176-178 (1) (582 SE2d 141) (2003), overruled on other grounds, *Patrick v. State,* 284 Ga. App. 472 (644 SE2d 309) (2007); *Mathis v. State,* 194 Ga. App. 498, 498-499 (1) (391 SE2d 130) (1990).

2. Robinson argues that trial counsel was ineffective for (a) failing to ensure that the similar transaction hearing was transcribed and (b) failing to object to two prior convictions for shoplifting. We disagree.

"To show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense." *Suggs v. State*, 272 Ga. 85, 87 (4) (526 SE2d 347) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The question of ineffectiveness is a mixed one of both law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Footnote omitted.) *Suggs*, 272 Ga. at 88 (4).

(a) At the hearing on Robinson's motion for new trial, the prosecutor and trial counsel agreed that pursuant to Uniform Superior Court Rule 31.3 (B), a similar transaction hearing had been conducted immediately prior to trial. The record, however, does not contain a transcript of the hearing. Robinson contends that his trial counsel's failure to ensure transcription of the hearing constituted ineffective assistance.

Regardless of whether the failure to have the hearing transcribed was the fault of Robinson's trial counsel, Robinson has not shown any harm or prejudice arising from the absence of a transcript. He has not demonstrated that the hearing transcript is necessary to resolve any issue on appeal. Any error with respect to the admission of the similar transaction evidence can be resolved on the basis of the record at trial. See *Williams v. State*, 285 Ga. App. 190, 194 (3) (b) (645 SE2d 676) (2007); *Perry v. State*, 263 Ga. App. 670 (1) (588 SE2d 838) (2003). As such, Robinson's claim must fail.

(b) As proof of similar transactions, the state introduced into evidence four of Robinson's prior convictions for shoplifting. The state also called witnesses who testified to the underlying circumstances surrounding each of the shoplifting incidents alleged in the prior convictions.

Robinson complains that his trial counsel should have objected to one of the convictions admitted at trial because it did not show that he was advised of his constitutional rights, and to another because it also contained a conviction for a misdemeanor count of marijuana possession. Notwithstanding Robinson's contention, the complained-of evidence was merely cumulative of other witnesses' testimony as well as Robinson's own trial testimony in which he admitted, "As a matter of fact, I have five convictions of shoplifting. In 1998, I went through a few problems with drugs and stuff and I shoplifted. I admitted that. I pled guilty to all of my shopliftings that I did." As a result of Robinson's admissions, no prejudicial error has

been shown. "[E]vidence is harmless where admissible evidence of the same fact is before the jury." (Citations and punctuation omitted.) *Griffin v. State*, 281 Ga. App. 249, 251 (3) (635 SE2d 853) (2006). And, in light of the overwhelming evidence of Robinson's guilt, "there is no reasonable probability that the jury would have returned a different verdict if the certified cop[ies] of [Robinson's] prior conviction[s] had not been allowed into evidence." (Footnote omitted.) *Moore v. State*, 242 Ga. App. 249, 251 (1) (a) (529 SE2d 381) (2000).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED AUGUST 6, 2008.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Michael E. Craig, Assistant District Attorney*, for appellee.