### A09A1580. FLEMMING v. THE STATE.
(688 SE2d 653)

BERNES, Judge.

The jury convicted Steve Colin Flemming of sale of cocaine, and the trial court denied his motion for new trial. Flemming appeals, contending that his trial counsel rendered ineffective assistance. For the reasons discussed below, we affirm.

Following a criminal conviction, the defendant is no longer presumed innocent, and we view the evidence in the light most favorable to the jury's verdict. *Johnson v. State*, 289 Ga. App. 206 (656 SE2d 861) (2008). So viewed, the evidence adduced at trial showed that on the night of October 2, 2003, officers with the City of Cartersville Police Department arranged for two confidential informants to make a street-level purchase of cocaine. The main informant was a male who had a history of drug addiction and had previously approached the officers about assisting them in conducting a controlled buy. His girlfriend, the other informant, had agreed to serve as the driver for the controlled buy since the male informant had a suspended license.

Prior to the controlled buy, the officers and the two informants met at a prearranged location, where the officers searched the informants and their pickup truck. No contraband or drug-related items were found on their persons or in their truck. The officers gave $20 in government funds to the male informant and equipped him with a hidden audio recording device. The officers instructed the informants to drive to the Bartow Motel and attempt to buy cocaine with the provided funds.

The officer maintained constant visual contact with the informants' truck until it drove behind the motel. Once behind the motel, the male informant exited the truck. Several individuals were walking around the parking lot. A tall black male with a Jamaican accent who went by the nickname "Country" approached the male informant, and the informant purchased $20 worth of cocaine from him. After the purchase, the male informant got back into the passenger seat and the truck pulled out from behind the motel, at which point the officers regained visual contact until they returned to the prearranged location. The informants had been out of visual contact for three minutes.

Upon meeting at the prearranged location, the officers retrieved the purchased cocaine and the audio recording device. The officers

again searched the informants and the truck, and they found no other contraband or drug-related items. The informants then were debriefed about the controlled buy. The male informant described the seller's race, height, and clothing, stated that the seller had a "noticeable island accent," and informed the officers of the seller's nickname.

After releasing the informants, the officers returned to the motel in an attempt to ascertain the identity of the person who had sold the cocaine. When they approached the motel, the officers observed a man, who was standing outside, immediately step inside a motel room and shut the door. He matched the physical description provided by the male informant. Under the guise of conducting a murder investigation, the officers approached the motel room, knocked on the door, and briefly spoke with the man after he came to the doorway. The man had a Jamaican accent, identified himself as Steve Colin Flemming, and indicated that he went by the nickname "Country." Once they had spoken with Flemming, the officers left the motel and secured a warrant for his arrest.

Following his arrest, Flemming was indicted and tried for the sale of cocaine. Two officers involved in the controlled buy and the male informant testified to the events as set out above. The male informant identified Flemming in court as the seller of the cocaine. Additionally, the state played for the jury the audiotape of the controlled buy. Among other witnesses, the state also tendered as an expert the forensic chemist who had tested the substance purchased by the male informant. The chemist opined that the substance was cocaine.

1. Although not enumerated as error, we conclude that the audiotape of the controlled buy and the testimony of the two officers, the male informant, and the forensic chemist were sufficient to authorize any rational trier of fact to find Flemming guilty beyond a reasonable doubt of sale of cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA § 16-13-30 (b); *Johnson*, 289 Ga. App. at 208. "Questions concerning the weight of the evidence and credibility of the witnesses were for the jury to decide." *Johnson*, 289 Ga. App. at 208.

2. Flemming argues he received ineffective assistance from his trial counsel when a portion of the audiotape of the controlled buy allegedly containing inadmissible character evidence was played to the jury. We discern no prejudicial error.

To prove ineffective assistance of counsel under the test enunciated in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), "a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense." (Citations and punctuation omitted.) *Robinson v. State*,

293 Ga. App. 238, 239 (2) (666 SE2d 615) (2008). The test for prejudice is "whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency." (Citation and punctuation omitted.) *Jones v. State*, 289 Ga. App. 219, 222 (2) (656 SE2d 556) (2008). If the defendant is unable to satisfy either the deficiency or prejudice prong of the test, his ineffective assistance claim fails. See *Freeman v. State*, 282 Ga. App. 185, 187 (2) (638 SE2d 358) (2006). In reviewing a trial court's denial of an ineffective assistance claim, we accept the trial court's factual findings unless clearly erroneous. *Robinson*, 293 Ga. App. at 239 (2).

Guided by these principles, we turn to the record in the present case. The hidden audio recording device continued recording while the informants were driving back to the prearranged location after the purchase at the motel. During the drive back, the male informant made a remark to his girlfriend about someone who had previously tried to shoot him who was a big time drug dealer.

After an audiotape of the controlled buy that included the remark was played to the jury, Flemming's trial counsel moved for a mistrial on the ground that the remark had referred to Flemming and constituted inadmissible character evidence. The trial court disagreed and denied the motion. Trial counsel did not request a curative instruction after the motion for mistrial was denied.

According to Flemming, his trial counsel was deficient in failing to file a pretrial motion to have the male informant's remark redacted from the audiotape and in failing to seek a curative instruction. But we need not consider whether his trial counsel performed deficiently because Flemming cannot show that he suffered any prejudice as a result. After hearing the audiotape played at trial, the trial court found that the male informant's remark was made sometime after the controlled buy had been completed, and that it was unclear from the context of the remark, and from what could be deciphered from the recording, whether the informant was referring to Flemming or someone else he had seen that night. The trial court made the same finding at the hearing on Flemming's motion for new trial. We too have reviewed the audiotape and conclude that the trial court's factual finding was not clearly erroneous. Furthermore, the state presented strong evidence of Flemming's guilt based upon the testimony of the two officers, the male informant, and the forensic chemist, combined with the audiotape of the controlled buy. Under these circumstances, Flemming has failed to establish a reasonable probability that but for the alleged error, his trial would have ended differently. See, e.g., *Sneed v. State*, 267 Ga. App. 640, 642 (2) (c) (600 SE2d 720) (2004) (ineffective assistance claim failed for lack of prejudice where certain statements

that allegedly impinged upon the defendant's character were "inconsequential" because they "did not definitively indicate" that the defendant had committed other bad acts); *Deal v. State*, 241 Ga. App. 879, 882 (3) (528 SE2d 289) (2000) (ineffective assistance claim predicated on counsel's failure to raise a character objection failed where the statement allegedly placing defendant's character in issue was ambiguous).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 16, 2009.

*Edward P. Dettmar*, for appellant.

*T. Joseph Campbell, District Attorney, Rosemary M. Greene, Assistant District Attorney*, for appellee.