A10A0068. ARELLANO v. THE STATE.

(698 SE2d 362)

BERNES, Judge.

Rolando Arellano was convicted by a jury of trafficking cocaine in an amount greater than 200 grams.[1] He argues that his trial counsel rendered ineffective assistance because she failed to object to statements made by a prosecution witness regarding Arellano's post-arrest silence. While we agree that the testimony was improper and Arellano's counsel was deficient in failing to object, Arellano cannot establish that her deficient performance prejudiced his defense. We therefore affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Reid v. State*, 298 Ga. App. 889 (681 SE2d 671) (2009). We neither weigh the evidence nor judge witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. Id. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So construed, the evidence shows that around midnight on the evening in question, an officer from the DeKalb County Police Department responded to a 911 call reporting trespassers at an apartment complex in a high crime area. The call had been placed by a security guard who had been hired by the apartment complex to

---

[1] See OCGA § 16-13-31 (a) (1) (B). Arellano was also found guilty of possession of cocaine with intent to distribute; however, that charge merged into the trafficking conviction for sentencing purposes. See OCGA § 16-13-30 (b); *Wilson v. State*, 295 Ga. App. 545 (1) (672 SE2d 516) (2009).

provide security due to the high incidents of armed robberies and burglaries that had been occurring on the property.

Upon his arrival at the apartment complex, the officer observed the security guard holding two male suspects, Arellano and his friend, at gunpoint as they lay on the ground. After instructing the security guard to holster his weapon, the officer performed a limited pat-down of the two men to look for weapons. As he conducted the pat-down of Arellano, the officer noticed the corner of a large ziplock baggie containing white powder protruding from Arellano's waistband. Upon further observation, the officer noticed a large bulge in Arellano's pants immediately below his belt. The officer then removed from Arellano's waistband what was later determined to be 239.34 grams of 82.8% pure cocaine, having a street value between $8,000 and $10,000. The officer placed the men under arrest and, in the search conducted incident to Arellano's arrest, the officer found a second, much smaller baggie containing cocaine and United States currency totaling $900, all in $100 bills. No contraband was found on Arellano's friend.

During questioning from an investigating detective following his arrest, Arellano exercised his right to remain silent. Arellano's friend, however, gave a statement in which he claimed that he and Arellano had been driven to the apartment by two unnamed men. He further stated that he had been told to remain outside as Arellano went into a third man's apartment and, upon Arellano's return, they were approached by the security guard. The men in the car left, and he and Arellano were ordered to the ground by the security guard and were subsequently searched and arrested by the responding officer.

Arellano was charged with trafficking cocaine in an amount greater than 200 grams. His friend was not charged with a crime.

During Arellano's trial, both Arellano and his friend testified that they had been at the apartment complex to visit another friend when the security guard approached them at gunpoint and forced Arellano to take the cocaine. They claimed that the security guard then called 911 and told the responding officer that the cocaine belonged to Arellano. Although the responding officer testified to the events from the point of his arrival, the security guard himself did not testify.[2] The jury obviously rejected Arellano's version of events, and convicted him of the crime.

On appeal, Arellano contends that he received ineffective assistance of trial counsel because his attorney failed to object to

[2] The security guard testified at the motion to suppress hearing; however, at the time of trial, he was out of the country on family matters.

testimony from the interviewing detective regarding Arellano's post-arrest silence.[3] In order to obtain a new trial based upon a claim of ineffective assistance, Arellano must establish both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Flemming v. State*, 301 Ga. App. 711, 712-713 (2) (688 SE2d 653) (2009). See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "The test for prejudice is whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency." (Citation and punctuation omitted.) *Flemming*, 301 Ga. App. at 713 (2). If Arellano is unable to satisfy either prong of the test, his claim fails. Id.

Arellano first objects to a comment made by the interviewing detective in response to the prosecutor's question regarding the events that occurred at police headquarters following the arrests:

Q. Whom did you have an opportunity to interview?
A. [I] [i]nterviewed [Arellano's friend] and attempted to interview Mr. Arellano, but he refused to give a statement.
Q. And where did you meet with [Arellano's friend]?

The second instance of challenged testimony arose during the following colloquy:

Q. Do you recognize what's been identified as state's exhibit no. 6?
A. Yes.
Q. What do you recognize that to be?
A. This is the statement of [Arellano's friend] that I took on that date.
Q. Tell us under what conditions you took that statement.
A. Trying to get information as to how these two gentlemen got arrested, trying to find out what went on, and . . . [Arellano's friend] was actually the only one willing to talk to me so I tried to find out as much as he knew about the situation.

And finally, the third incidence arose after the prosecutor asked the

---

[3] Arellano also argues that the trial court committed reversible error by failing to declare a mistrial following the challenged testimony. Because Arellano's counsel failed to object to the testimony or move for a mistrial, Arellano's arguments have not been preserved for appeal and must be raised in the context of a claim of ineffective assistance of trial counsel. See generally *Black v. State*, 261 Ga. 791, 793-794 (1) (a) (410 SE2d 740) (1991); *Binns v. State*, 296 Ga. App. 537, 539-540 (2) (675 SE2d 265) (2009).

detective whether Arellano had mentioned anything on the night of his arrest about the security guard having forced him to take the cocaine, to which the detective responded, "Mr. Arellano didn't tell me anything." No objection was raised to any of this testimony.

It is well established that Georgia law prohibits the state from commenting on a criminal defendant's post-arrest silence, even when the defendant takes the stand in his own defense. *Mallory v. State*, 261 Ga. 625, 630 (5) (409 SE2d 839) (1991), overruled on other grounds, *Clark v. State*, 271 Ga. 6, 9-10 (5) (515 SE2d 155) (1999). See also *Maynard v. State*, 282 Ga. App. 598, 600-601 (2) (639 SE2d 389) (2006); *Gordon v. State*, 250 Ga. App. 80, 81-83 (550 SE2d 131) (2001). The prosecutor's questioning — and the resulting responses — fell within the range of prohibited testimony and was both objectionable and improper. See *Mallory*, 261 Ga. at 630 (5); *Ekanger v. State*, 279 Ga. App. 421, 422 (631 SE2d 459) (2006); *Gordon*, 250 Ga. App. at 81-82. Further, at the motion for new trial hearing, Arellano's trial counsel testified that she was unable to explain why she had not objected to the testimony, but confirmed that her failure to do so did not arise from a strategical decision. It follows that trial counsel's performance in this regard was deficient. See *Johnson v. State*, 293 Ga. App. 728, 730-731 (2) (a) (667 SE2d 637) (2008); *Hines v. State*, 277 Ga. App. 404, 406-408 (2) (626 SE2d 601) (2006).

But, Arellano must also establish that this deficiency prejudiced his defense, which he has not done. See *Flemming*, 301 Ga. App. at 712-713 (2). The evidence adduced at trial showed that Arellano, who aroused the suspicions of a security guard patrolling a high crime area during the late night hours, was caught in actual possession of nearly 240 grams of 82.8% pure cocaine valued between $8,000 and $10,000, in addition to possessing a large amount of currency. Although Arellano claimed to have been framed by the security guard, he failed to explain his possession of either the currency or the smaller baggie that also contained cocaine. And finally, without minimizing the inappropriateness of the testimony, we note that the state did not comment further regarding Arellano's failure to give a statement, nor did it make reference to it during closing argument. See *Allen v. State*, 272 Ga. 513, 515-516 (5) (530 SE2d 186) (2000). Compare *Gordon*, 250 Ga. App. at 83.

In light of these circumstances, Arellano has not shown that a reasonable probability exists that the outcome of the proceedings would have been different in the absence of the improper testimony. See *Henry v. State*, 278 Ga. 554, 556-557 (5) (604 SE2d 469) (2004); *Crenshaw v. State*, 272 Ga. App. 350, 353-354 (2) (612 SE2d 539) (2005); *Barnes v. State*, 269 Ga. 345, 352 (12) (496 SE2d 674) (1998). Compare *Johnson*, 293 Ga. App. at 731 (2) (a).

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED JULY 7, 2010.

*Mary Erickson*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Deborah D. Wellborn, Assistant District Attorney*, for appellee.