STATE OF LOUISIANA

VERSUS

CHARLES MCQUARTER, III

NO. 24-K-383

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

September 03, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** CHARLES MCQUARTER, III

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE J. STERLING SNOWDY, DIVISION "C", NUMBER 14,169

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and Scott U. Schlegel

**WRIT GRANTED, JUDGMENT REVERSED**

Defendant-relator, Charles McQuarter, III, seeks review of the trial court's judgment denying his Motion to Prohibit State from Staging Reenactment of Former Trial. The trial court's judgment permits the State to present a now-deceased witness's testimony from a previous trial by having the deceased witness's daughter, who is also listed as a witness in her own right, read her mother's testimony in the current trial. For the following reasons, we grant the writ and reverse the trial court's ruling.

On May 5, 2014, a St. John the Baptist Parish Grand Jury returned an indictment charging defendant, Charles McQuarter, III, with the first degree murder of Steven Finckbeiner, a violation of La. R.S. 14:30. Defendant allegedly robbed the LaPlace Feed Store owned by Mr. Finckbeiner and his wife, Constance Finckbeiner. Mr. Finckbeiner died of a gunshot wound; Mrs. Finckbeiner, who was shot in the temple, survived the shooting but passed away due to cancer in 2022.

24-K-383

Defendant pled not guilty at his arraignment. However, the trial court determined that defendant suffers from mental retardation within the meaning of La. C.Cr.P. art. 905.5.1, and therefore is exempt from capital punishment. The State thereafter amended the indictment, charging defendant with second degree murder in violation of La. R.S. 14:30.1(A)(1) (count one), and armed robbery with a firearm in violation of La. R.S. 14:64(A) and La. R.S. 14:64.3(A) (count two). *State v. McQuarter*, 19-594 (La. App. 5 Cir. 11/25/20), 305 So.3d 1055, 1061, *writ not considered*, 21-295 (La. 8/6/21), 322 So.3d 247.

On March 28, 2019, a jury found defendant guilty of second degree murder by a vote of eleven to one, and guilty of armed robbery with a firearm by a unanimous verdict. *Id*. Defendant appealed his convictions and sentences. Pursuant to *Ramos v. Louisiana*, 590 U.S. 83, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), this Court found defendant was entitled to a new trial on the non-unanimous second degree murder conviction. The Court vacated that conviction and sentence and remanded to the trial court for further proceedings. *McQuarter*, 305 So.3d at 1068. The conviction and sentence for armed robbery with a firearm were affirmed. *Id*. at 1078.

On April 22, 2021, the State filed an amended indictment charging defendant with second degree murder while engaged in a robbery in violation of La. R.S. 14:30.1(A)(2). On April 9, 2024, before *voir dire* began, defendant filed a Motion to Prohibit State from Staging Reenactment of Former Trial, essentially arguing that the previous trial testimony of Mrs. Finckbeiner, now deceased, should be read into the record by an assistant district attorney and a record custodian, not by Mrs. Finckbeiner's daughter, Kristin Fontenot.[1] Counsel for

---

[1] On April 10, 2024, defense counsel filed a Motion for Mistrial, because it was unclear whether the State was pursuing a charge of second degree murder while engaged in an armed robbery or a simple robbery, and due to the confusion with regard to the corresponding amendments to the indictment after trial had begun. On April 12, 2024, the trial court declared a mistrial and issued written reasons. Trial is now set for September 9, 2024.

defendant argued that the State's proposed method was an improper elicitation of victim impact testimony; that it would signal to the jury a previous trial had occurred; and that the prejudicial value of the proposed presentation will substantially outweigh any potential probative value, given that Mrs. Fontenot has never read the transcript of her mother's testimony and is likely to display her full emotional reaction in front of the jury, presenting a significant danger of mistrial. The defense claimed that a family member does not have a right to act as a deceased loved one to introduce prior testimony. Defense counsel further argued that the State's intended method of introducing this testimony is contrary to La. C.Cr.P. art. 857,[2] adverse to jurisprudence, and directly contravenes defendant's constitutionally protected rights.

At the July 19, 2024 hearing, defense counsel argued that permitting Mrs. Fontenot to testify would appeal to emotion and unduly inflame the passions on the jury, and that it would be more appropriate to have a clerk of court read Mrs. Finckbeiner's testimony to avoid an improper emotional taint that could result in another trial. Counsel argued the State should not be allowed to unduly distract from the main issues or unduly arouse sympathy from the jury. Defense counsel explained that the State's assertion that no one has authority to dictate how it presents its case is incorrect because the trial court has reasonable control over the mode of presenting evidence pursuant to La. C.E. art. 611. Moreover, the evidence could be presented in such a way as to ensure defendant a fair trial. Defense counsel further contended that the new trial should be conducted as if there were no prior trial.

---

[2] La. C.Cr.P. art. 857 states: "The effect of granting a new trial is to set aside the verdict or judgment and to permit retrial of the case with as little prejudice to either party as if it had never been tried."

In response, the State argued at the hearing that it intended to call Mrs. Fontenot as a witness in her own right to testify about her parents owning and operating LaPlace Feed and Seed, the store in which the victims were shot, and as a witness to her mother's testimony at the previous trial. The State indicated that it intended to display the transcript of the previous testimony on a television while the prosecutor reads the questions and Mrs. Fontenot reads her mother's responses. The State argued that its method will not create any unfair prejudice and would be less emotional and prejudicial than the original testimony. Citing *State v. Ball*, 99-428 (La. 11/30/99), 756 So.2d 275, the State contended that it is entitled to prove its case by evidence of its own choosing. The State argued that the trial court can remedy any unforeseen, unfair prejudice resulting from a potential display of emotions by instructing the jury that the verdict should not be based on sympathy, passion, prejudice, bias, or public opinion, and that the jury is expected to reach a just verdict.

The State further argued that it was not attempting to present victim impact testimony and assured the trial court that it would not ask about how the incident has affected Mrs. Fontenot or impacted her family. The prosecutor explained that Mrs. Fontenot would describe who her parents were, how they operated their business, where certain items were kept, and "forecast for the jurors what they're going to expect" as to who is situated in what room. The prosecutor claimed that if an emotional outburst occurs, the trial court could take a short break and, outside of the presence of the jury, ask Mrs. Fontenot to control herself. The prosecutor further stated that an emotional outburst is not a reason to prohibit the State's intended method of introducing this evidence, and that the defense could make a contemporaneous objection.

At the conclusion of the hearing, the trial court ruled that Mrs. Fontenot could present her mother's previous testimony with a pretrial or pretestimony

admonition. The court indicated that if Mrs. Fontenot breaks down, the court would call a recess and reserve the option of having a different person continue reading Mrs. Finckbeiner's testimony. The trial court further announced its intent to have the entire transcript read.

Defendant now seeks review of that ruling. Defendant concedes that the State has a right to present Mrs. Finckbeiner's prior testimony but reiterates his objection to the State's proposed method of presentation. He contends the procedure is overly prejudicial and intended to trigger an emotional response from the jury. Defendant urges that the instant method is more prejudicial than the method employed in *State v. Bell*, 346 So.2d 1090 (La. 1977). Defendant reiterates that an unbiased clerk of court should read the transcript, which would curtail prejudice without altering the substance of the testimony. Defendant further avers that the State is attempting to bolster Mrs. Finckbeiner's credibility.

Defendant also argues that having Mrs. Fontenot both testify in her own right and read her mother's testimony will be confusing to the jury. He states that Mrs. Fontenot should only testify in one form. Defendant explains that Mrs. Finckbeiner testified as to the workings of the store, and that the State intends to elicit such testimony from Mrs. Fontenot as well, which will be confusing and is cumulative. Defendant further contends that Mrs. Fontenot is an unnecessary witness who did not testify at the first trial, thus, the proposed method presents no probative value while being prejudicial. He argues that Mrs. Fontenot's dual-purpose function will prevent the defense from fully cross-examining her. Finally, there is a risk of mistrial if Mrs. Fontenot becomes overly emotional.

La. Const. art. I, § 16 grants the defendant a right to a fair trial. *State v. Nguyen*, 11-229 (La. App. 5 Cir. 12/28/11), 88 So.3d 511, 522, *writ denied*, 12-287 (La. 5/18/12), 89 So.3d 1192. However, a defendant cannot control the State's

method of proof, as the State is entitled to the moral force of its evidence. *See State v. Ramirez*, 09-350 (La. App. 5 Cir. 12/29/09), 30 So.3d 833, 850-51.

La. C.E. art. 611 states in part:

> A. Control by court. Except as provided by this Article and Code of Criminal Procedure Article 773, the parties to a proceeding have the primary responsibility of presenting the evidence and examining the witnesses. The court, however, shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to:
>
> (1) Make the interrogation and presentation effective for the ascertainment of the truth;
>
> (2) Avoid needless consumption of time; and
>
> (3) Protect witnesses from harassment or undue embarrassment.

All relevant evidence is admissible, except where limited by law. La. C.E. art. 402. Relevant evidence is evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than without the evidence. La. C.E. art. 401. La. C.E. art. 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." A trial court is accorded great discretion in evidentiary rulings and, absent a clear abuse of that discretion, rulings regarding the relevancy and admissibility of evidence will not be disturbed on appeal. *State v. Cox*, 17-508 (La. App. 5 Cir. 2/21/18), 239 So.3d 465, 473, *writ denied*, 18-455 (La. 1/14/19), 261 So.3d 782.

Here, defendant agrees that Mrs. Finckbeiner's prior testimony may be introduced at the upcoming trial but objects to the State's proposal on the basis that it is potentially inflammatory, prejudicial, and could result in a mistrial.

In *State v. Bell*, 346 So.2d at 1093-94, prior trial testimony of two since-deceased witnesses was introduced into evidence at a subsequent trial via the East Baton Rouge Parish District Attorney reading the testimony. Questions that the

6

prosecutor asked in the first trial were read by an assistant district attorney, while the former defense attorney's questions on cross-examination were read by the defendant's present counsel. The defendant objected to the procedure on the basis that the district attorney's position of respect in the community as an elected official might cause the jury to give greater weight to the testimony than it otherwise would have given. On review, the Supreme Court explained that before the testimony of each absent witness was read, the trial court cautioned the jury that the district attorney was not testifying but was merely reading the testimony of State witnesses who could not be called to testify in person. The Court concluded that the "more desirable procedure would have been to have a neutral party read the prior testimony of the deceased witnesses," but the Court was not prepared to say that the procedure utilized amounted to an abuse of discretion or a substantial violation of the defendants' constitutional rights. *Id*.

In *Plaisance v. Collins*, 365 So.2d 608 (La. App. 1 Cir. 1978), a first trial adjudicating the possession of disputed land resulted in a mistrial. At the second trial, the court permitted prior testimony of a deceased witness to be read by that witness's son. The appellate court explained that no objection to this method of introducing evidence was raised below, but it nevertheless considered the issue. The First Circuit noted that the trial court stated it would not permit the son to exhibit any expressions of sympathy or exclamation; he was simply to read the testimony. Additionally, the son read prior testimony of a second deceased witness. Noting that the trial court explained to the jury what was happening, the First Circuit found nothing objectionable with the procedure. *Id*.

In contrast to the outcome in *Bell*, we find the State's proposal to introduce the deceased victim's testimony through the victims' daughter, Mrs. Fontenot, appears prejudicial to defendant and potentially confusing to the jury, given the State's desire to introduce Mrs. Fontenot as a witness in her own right as well. In

7

*Bell*, before the district attorney read the testimony of each absent witness, the jury was cautioned that the reader was not testifying but was merely reading the testimony of unavailable State witnesses. Here, a similar warning would be insufficient where Mrs. Fontenot, a close family member of the victims, would be reading her mother's description of being shot in the temple, awaking to a feeling that she had lost her hearing and sight on one side of her face and that she was bleeding to death, and finding her husband shot. The potentially inflammatory nature of permitting the victims' daughter to introduce this testimony cannot be disregarded. In addition, Ms. Fontenot is expected to testify as an independent witness, which may confuse the jury.

Moreover, although the district attorney in *Bell* had a professional interest in the outcome of the case, that interest pales in comparison to Mrs. Fontenot's interest here. Similarly, we find *Plaisance* inapplicable here. *Plaisance* was a civil suit involving the possession of land, not the perpetration of a violent crime. More importantly, the appellate court in *Plaisance* noted that no one objected to the method in which the testimony from the first trial was presented.

At the hearing in the present case, the parties discussed with the trial court the possibility of replacing Mrs. Fontenot with someone else if she were to become emotional or overwhelmed while reading her mother's testimony. In our view, that course of action would not only highlight Mrs. Fontenot's emotional reaction but also play to the jury's sympathy for the victims and unfairly prejudice defendant. In light of the fact that barring the State's proposed *method* of introducing the evidence does not alter the introduction of the evidence itself, and considering that other means of introducing Mrs. Finckbeiner's testimony remain available, we find in this instance that the trial court abused its discretion in denying defendant's motion.

Accordingly, we grant the writ and grant defendant's motion requesting the trial court to prohibit the State from introducing Mrs. Finckbeiner's prior testimony through Mrs. Fontenot. The State may present Mrs. Finckbeiner's earlier testimony at trial through a different method.

Gretna, Louisiana, this 3rd day of September, 2024.

**SMC**
**SJW**
**SUS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/03/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-K-383**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED

40th District Court (Clerk)
Honorable J. Sterling Snowdy (DISTRICT JUDGE)
Frederick R. Sprinkle (Relator)           Honorable Bridget A. Dinvaut (Respondent)
                                          Sammons K. Corbett (Relator)

### MAILED

Kathryn J. Burke (Relator)                Charles H. Robinson (Respondent)
Jacob G. Longman (Relator)                Jacob L. Johnson (Respondent)
Brady Skinner (Relator)                   Assistant District Attorney
Attorney at Law                           Fortieth Judicial District
830 Main Street                           Parish of St. John the Baptist
Baton Rouge, LA 70802                     1342 LA Highway 44
                                          Reserve, LA 70084

7016 2070 0000 0954 8438

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)    $ _____
☐ Return Receipt (electronic)    $ _____
☐ Certified Mail Restricted Delivery    $ _____
☐ Adult Signature Required    $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$

Total F

$

Sent T.

Street

City, S

Brady Skinner
Jacob G. Longman
Kathryn J. Burke
830 Main Street
Baton Rouge, LA 70802
24-K-383      09-03-24

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Brady Skinner
Jacob G. Longman
Kathryn J. Burke
830 Main Street
Baton Rouge, LA 70802
24-K-383      09-03-24

9590 9402 2434 6249 3570 09

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 8438

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X     ☐ Agent
        ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
    If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt